## L. C. BARRETT v. EARL WEIMAR ET AL.

### Decided June 11, 1910.

**Husband and Wife—Divorce—Purchase from Husband—Innocent Purchaser.**

A deed to a wife contained no recital which would indicate or give notice that the land was intended to be the wife's separate property; the husband and wife were subsequently divorced but there was no partition of the property; the husband sold the land to one who had no actual notice of the decree of divorce. Held, the deed to the wife vested the legal title to the land in her; the purchaser from the husband could not claim to be an innocent purchaser of the entire estate in the land; and the husband's deed conveyed only his community interest therein.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*John W. Veale, J. M. Jones* and *L. C. Barrett,* for appellant, L. C. Barrett.

*Gustavus, Bowman & Jackson,* for appellant J. S. Nugent. It appearing from the deed records of Potter County, at the time the appellants, J. S. Nugent and L. C. Barrett, became purchasers of the property in question, that Harry Weimar and Mina Weimar were husband and wife, a presumption would obtain that such relations continued, and before appellants could be affected by the divorce decree notice to them would be required. Summerhill v. Darrow, 94 Texas, 71.

*L. C. Penry* and *J. L. Penry,* for appellees. Where the legal title to land is in the wife as shown by the record, one buying from the husband under the statute authorizing the husband to convey community property during coverture, buys at his peril, and must at his peril ascertain if the status of the parties is such as contemplated by the statute, and under such deed takes only such beneficial interest in the land as the husband had. Patty v. Middleton, 17 S. W., 911.

SPEER, ASSOCIATE JUSTICE.—Earl Weimar, a son of Mina and Harry Weimar, brought this suit against L. C. Barrett and others to recover lots 1, 2 and 3 in block 31 of the Glidden and Sanborn addition in the city of Amarillo. There was an intervention by J. L. Penry claiming one-half the land in controversy by conveyance from the plaintiff. The defendant Barrett disclaimed as to lots 2 and 3, and pleaded

not guilty as to lot No. 1, alleging specially that he was an innocent purchaser, and sought a judgment against his warrantors in the event plaintiff recovered the land. There was also an issue of forgery of the deed from Harry Weimar to J. A. Coppedge, the defendant Barrett claiming through mesne conveyances from Coppedge. The cause was tried before a jury, resulting in a judgment for the plaintiff and intervener for an undivided one-half interest in lot No. 1, and in favor of the defendant, L. C. Barrett, for the other half of said lot, and in his favor against his warrantors. The defendant Barrett has perfected this appeal.

A very brief statement of the facts will serve to make plain the question which we are called on to decide. On December 24, 1888, Sanborn and Glidden conveyed the land in controversy to Mina Weimar, who was then the wife of Harry Weimar. The deed in no way limited the property to her separate use, nor did it contain any recital that the purchase money was paid out of her separate estate; in short, there was nothing in the deed to indicate that Mina Weimar was a married woman. By a decree of the District Court of Potter County, of date December 15, 1893, Mina Weimar and Harry Weimar were divorced, but the decree made no disposition of the community or other property held by the Weimars, nor was the decree ever registered as required by articles 4646 and 4649, Sayles' Texas Civil Statutes. Harry Weimar conveyed the land to J. A. Coppedge November 4, 1903; Coppedge conveyed to Nugent, and Nugent to appellant. Appellant gave two hundred dollars in cash and two negotiable promissory vendor's lien notes for one thousand dollars each for the property without actual notice of the decree of divorce between Mina and Harry Weimar. By the inclusion of a deed to other property in the abstract furnished appellant covering this lot, which deed recited that the grantor, Harry Weimar, and the grantee, Mina Weimar, were husband and wife, respectively, the relation of those parties was shown.

Under these circumstances, appellant insists that he was an innocent purchaser of the land and should be protected as such. But with this contention we cannot agree. It is of course well settled in this State, both by statute and numerous decisions, that property acquired during marriage by either husband or wife, whether the conveyance be taken in the name of one or the other, is presumptively community property, unless the contrary appears upon the face of the instrument of conveyance, and during the marriage may be conveyed by the husband alone. But we do not understand this rule to alter or affect the other well established rule, that the legal title to land rests in the individual grantee in the instrument of conveyance. Now, the object of our registration statutes is to expose to those dealing with the land the state of title as exhibited by the instrument of conveyance, and the foundation for the claim of innocent purchaser rests upon the fact that one has purchased relying upon the title's being where it appears to be according to the instrument of conveyance thus placed of record. According to the Glid-

den and Sanborn deed, Mina Weimar undoubtedly held the legal title to the lot in controversy at all times. We know of no decision intimating a contrary doctrine. True, by force of the statute she could not convey during her marriage, but after its dissolution by the decree of divorce there was no longer any legal impediment, and she was perfectly free to convey the legal title to another, even though the beneficial title was in her husband and herself, and one purchasing this legal title from her paying value therefor without notice of the rights of her husband undoubtedly would be protected as an innocent purchaser. This would be true because such purchaser would have the right to buy from one having the apparent right to convey, there being no legal obstacles to such a conveyance. It would involve a contradiction to say that one could be an innocent purchaser from the husband under such circumstances, since the records show that the legal title is in another. We think appellant through the conveyance from Harry Weimar took only the community interest of Harry Weimar in the former community estate of himself and wife, and this the judgment accords him. We think the views here expressed are in keeping with the principles announced by our Supreme Court in Edwards v. Brown, 68 Texas, 329, and Patty v. Middleton, 82 Texas, 586. See also Speer's Law of Married Women, section 175. These views dispose of every assignment of error adversely to appellant. The judgment is affirmed.

*Affirmed.*

Writ of error refused.