MARTINEZ v. DE BARROSO et al.
(No. 5712.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1916.)

1. TRESPASS TO TRY TITLE ☞32—PLEADING —DEFINITENESS.
Under the statutory pleadings for trespass to try title, the notice required to be given by the pleadings in other character of causes is not required, but when in addition to the statutory allegation the parties plead specially, the pleadings are subject to the ordinary rules of pleadings requiring sufficient definiteness to apprise the opponents of the contentions relied upon.
[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. ☞ 32.]

2. TRESPASS TO TRY TITLE ☞32—PLEADING —COMMON SOURCE OF TITLE.
In trespass to try title by a wife joined by her husband, where the wife alleged that she was the common source of title, and that the property was her separate property, and defendant, claiming under a subsequent execution sale as the property of the husband, alleged that the common source of title was not in the wife, but in the community, or the husband, the pleadings sufficiently apprised the defendant that the plaintiff wife would prove the same deed under which both claimed as the common source of title.
[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. ☞ 32.]

3. PLEADING ☞403(2)—DEFECT SUPPLIED BY ANSWER—CLAIM OF SEPARATE PROPERTY.
In such action, the allegations of the defendant's answer supplied any deficiency as to the plaintiff wife's allegations as to common source of title or her claim of separate property.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1344–1347; Dec. Dig. ☞403(2).]

4. HUSBAND AND WIFE ☞119(1)—CONVEYANCE TO WIFE—TITLE.
Where a wife was alone named as the grantee in a deed, the legal title was vested in her.
[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 424; Dec. Dig. ☞119(1).]

5. VENDOR AND PURCHASER ☞237 — INNOCENT PURCHASER—SHERIFF'S DEED—CREDIT ON JUDGMENT.
In trespass to try title to property claimed by the plaintiff wife as her separate property and claimed by the defendant under an execution sale as the property of the husband or of the community, the defendant was not an innocent purchaser, where it was alleged and proven that he credited the amount of his bid upon his judgment.
[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 577–579; Dec. Dig. ☞237.]

Appeal from District Court, Maverick County; W. C. Douglas, Judge.

Trespass to try title by Felix R. De Barroso, joined by her husband, Ignacio De Barroso, against Juan Martinez. Judgment for plaintiffs, and defendant appeals. Affirmed.

Sanford & Wright, of Eagle Pass, for appellant.

SWEARINGEN, J. Felix De Barroso, joined by her husband, Ignacio De Barroso, sued Juan Martinez to recover title and possession of certain described real estate, and to cancel a sheriff's deed to Juan Martinez made pursuant to execution sale under a judgment for debt in favor of Juan Martinez against Ignacio De Barroso, the husband.

Special issues submitted to a jury were, whether the property was the separate property of the wife, and whether the property was the homestead of the appellees. The jury answered that the property was the separate property of the wife, and that it was not the homestead of appellees. Judgment was rendered in favor of appellees.

Appellees, plaintiffs below, pleaded in their original petition the formal statutory "trespass to try title suit." Appellant, defendant below, answered by the formal plea of not guilty. Then, in the first amended answer and the first supplemental answer, appellant, defendant, pleaded specially that the common source of title was in Ignacio De Barroso, the husband, or in the community of appellees, who were husband and wife; and that the property at the time of the levy of the execution belonged either to the appellee Ignacio De Barroso, or to the community estate of appellees, who were husband and wife; and further pleaded that the judgment was against the husband for debt for which the property was liable, whether community or the separate property of the husband; and alleged further that appellant, the judgment creditor, bought the property at sheriff's sale, and credited the amount bid upon the judgment.

Appellees, by their first supplemental petition averred that the common source of the title was in Felix De Barroso, the wife, and that the property belonged to her in her separate right. Appellant specially denied that Felix De Barroso owned the property in her separate right, and that she was the common source.

The evidence proved that the legal title was vested in Felix De Barroso by a deed in which she was named as grantee, though it contained no words to indicate it was for her sole and separate use; appellees were husband and wife, and were living together when the deed to the wife was executed; that

the wife paid her separate funds for the purchase of the property; that appellant, subsequent to the deed, obtained a judgment for debt against the husband, Ignacio De Barroso, by virtue of which an execution was issued and levied upon the property, and the property sold to the judgment creditor, and the amount bid was credited upon the judgment debt.

Appellant's first assignment is as follows:

"The court erred in refusing and overruling defendant's motion to enter judgment in his favor on the verdict as returned for the reason set out in said motion under paragraph 1, said reason being as follows: 'The defendant, Martinez, specially pleaded his title under a sheriff's deed executed by virtue of a sheriff's sale under authority of an execution based on the judgment described in said defendant's answer and cross-action, to which special title so pleaded by the defendant, the plaintiff pleaded that the property in controversy was, at the time of the levy of execution, the separate property of the wife, and that the legal title to the property was not in fact in the community; the effect of the allegation of said plaintiffs being that the legal title was vested in the wife as her separate estate; consequently the pleadings did not raise the issue of a resulting trust.' And it appearing that plaintiffs had pleaded that they did not hold under the common source pleaded by defendant, but that the property was the wife's separate estate under an independent title, and the proof failing to show that the independent title, if any, was not affected by the registration statutes, in fact, plaintiffs introduced no proof of an independent title (of the common source) in the wife."

Under this first assignment appellant contends that the Terrell deed, which conveyed the property to the wife in her own name as the grantee, did not put the legal title in the wife, but vested the legal title in the community and an equitable title in the wife, inasmuch as the pleadings and the evidence both showed that appellees, Felix De Barroso and Ignacio De Barroso, were married at the time. No complaint is made of the findings of fact by the jury, other than that appellee, plaintiff, had not pleaded sufficiently to raise the issue that the property was her separate property.

[1] Under the statutory pleadings for trespass to try title, the notice required to be given by the pleadings in other character of causes is not required. But when in addition to the statutory allegations the parties pleaded specially, the pleadings are subject to the ordinary rules of pleading requiring sufficient definiteness to apprise the opponents of the contentions relied upon. McSween v. Yett, 60 Tex. 184.

[2-5] There is no question, in this case, but that the allegation by appellee, plaintiff, that she was the common source and that she owned the legal title was sufficiently understood by appellant for him to deny the fact, as he did, without specially excepting to the sufficiency of the allegation. When appellant alleged that the common source was not in the appellee, but in the community or the husband, the issue was clearly made that both plaintiff and defendant claimed the common source to be the Terrell deed, for that was the only deed through which appellant could claim. This was known to appellant, for he knew his own chain of title. The allegation that the Terrell deed was the common source was an admission that appellee Felix De Barroso claimed under this same deed.

On the other hand, the allegation of Felix De Barroso that she was the common source of title was a clear declaration that appellant claimed under the Terrell deed, and that deed vested the legal title in her. And her allegation that the property was her separate property gave ample notice to appellant that she would prove that the same deed under which both claimed as common source vested the property in her for her sole use and benefit. "Where the plaintiff claims under a conveyance to the wife as her separate property, and the defendant claims under a subsequent execution sale as the property of the husband, a prima facie case of claim under a common source is made out." Edrington v. Butler, 33 S. W. 143.

The wife alone being named as the grantee in the deed, the legal title was vested in the wife by that deed. Patty v. Middleton, 82 Tex. 586, 17 S. W. 909; Ferguson v. Dodd, 183 S. W. 391; Barrett v. Weimer, 62 Tex. Civ. App. 172, 130 S. W. 181; Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121.

While the Terrell deed vested the legal title in the wife, an innocent purchaser might, under certain circumstances, have relied upon the presumption that the real title was in the community. But in the case at bar appellant was not an innocent purchaser, because it was alleged and proven that he credited the amount of his bid upon his judgment. Simpkins on Equity, 243; Brown v. Marwitz, 10 Tex. Civ. App. 458, 32 S. W. 78; Overstreet v. Manning, 67 Tex. 661, 4 S. W. 248. We conclude that the issue of common source and the claim of separate property was clearly raised by the pleadings of appellant and appellees. The allegations of appellant supplied any deficiencies of appellees. Peoples v. Brockman, 153 S. W. 907; I. & G. N. Ry. Co. v. Sein, 11 Tex. Civ. App. 386, 33 S. W. 558.

What has been said above also disposes of the second and third assignments, both of which are based upon an erroneous conception of the nature of appellees' title. The second and third assignments are overruled.

The former opinion is withdrawn, and the present one substituted therefor.

The judgment is affirmed.