**BRICK & TILE, Inc., v. PARKER et al.**

No. 4250.

Court of Civil Appeals of Texas.

Oct. 5, 1944.

Rehearing Denied Nov. 1, 1944.

S. M. Adams, of Nacogdoches, for appellant.

McAlister & Tucker, of Nacogdoches, for appellees.

COE, Chief Justice.

Appellant, Brick & Tile, Inc., filed suit in the district court of San Augustine County, Texas, against the appellees, F. K. Parker, Gladys Parker and Tom Parker, for debts and foreclosure of a materialman's lien. F. K. Parker admitted the indebtedness. Mrs. Gladys Parker filed a disclaimer, while F. K. Parker and Tom Parker denied the existence of a valid and existing materialman's lien against the property on which the foreclosure was sought. Judgment was for plaintiff, appellant herein, for its debt, and denying the foreclosure of a lien. From that judgment appellant prosecutes this appeal.

On June 21, 1940, F. K. Parker contracted with the Athens Brick & Tile Company to buy 100,000 Garrison three-hole pink common brick, at $11 per thousand, F.O.B. plant Garrison, Texas, terms 30 days, net 2% cash discount for payment within 15 days from the delivery of invoice. This contract was transferred to appellant for a valuable consideration. The Athens Brick & Tile Company delivered the number of brick stipulated in four separate consignments to appellee, F. K. Parker, on July 9, 1940, July 15, 1940, July 20, 1940, and on July 26, 1940. 48,800 of these brick were used in the construction of a building on the south part of lot 145, in block No. 51, of the City of San Augustine, Texas, being 45 feet wide in front and 80 feet deep. The remaining 51,200 were sold to various and sundry people. It is against this building and lot the plaintiff sought to foreclose its materialman's lien. At all times pertinent to this litigation, F. K. Parker and Gladys Parker were husband and wife. On October 8, 1940, plaintiff filed a materialman's lien

with the county clerk of San Augustine County and the same was recorded in the Materialman's Records of said county on said date, in which it named F. K. Parker as the owner of the property. After filing of this suit in the district court, the plaintiff on the 21st day of June, 1941, filed its lis pendens notice in the county clerk's office of San Augustine County, covering the above described property. After the filing of said materialman's lien and lis pendens notice, towit, on the 25th day of July, 1941, F. K. Parker and Gladys Parker conveyed by deed the above described property to the appellee, Tom Parker. Appellees, F. K. Parker and Tom Parker, alleged in their answers that at the time F. K. Parker contracted to purchase the brick from the Athens Brick & Tile Company, and at all other times pertinent to this law suit, that the property against which the plaintiff sought to foreclose its lien was the separate property of Gladys Parker, and that no lien was ever established against said property, or the true owner of it; that Tom Parker purchased the property for a valuable consideration, without notice of any lien or purported lien or claim of appellant. The court entered its judgment in favor of the Brick & Tile, Inc., against F. K. Parker for the sum of $1,493.33, including principal, interest and attorneys fees, and denied plaintiff a judgment foreclosing a materialman's lien against said property.

While appellant bases its appeal on four separate points, the substance of such points is (1) that the court erred in refusing to foreclose plaintiff's statutory materialman's lien, and (2) that the court erred in refusing to foreclose plaintiff's constitutional lien against such building and property.

There was no finding of fact and conclusion of law requested or filed by the trial judge. We are of the opinion that the proper disposition of one question involved in this cause renders it unnecessary to discuss any other questions in order to properly dispose of this appeal, that point being whether the trial judge was justified in finding that the property against which the lien was sought to be foreclosed was as plead by appellees, F. K. Parker and Tom Parker, the separate property of Mrs. Gladys Parker, for if it was there was no attempt made to fix a materialman's lien against the separate property of Mrs. Gladys Parker, neither would the plaintiff have any constitutional lien against same.

We will not undertake to review in full testimony with reference to the true ownership of the property involved further than to say that the property involved was deeded by Commercial State Bank to Mrs. F. K. Parker on March 12, 1940, which deed recites: "For and in consideration of Twelve Hundred Fifty ($1,250.00) Dollars to us in hand paid by Mrs. F. K. Parker, as follows, Twelve Hundred Fifty ($1,250.-00) Dollars in cash paid by F. K. Parker, a receipt of which is hereby acknowledged, has granted, sold and·conveyed, and by these presents do grant, sell and convey unto the said Mrs. F. K. Parker all that certain tract of land," etc., and then described the land against which the lien is sought to be enforced. F. K. Parker testified that he had never claimed or owned any interest in said lot.

Under the law of this state, all real property deeded to the husband or wife during their marriage relation is presumptively community property, yet when the wife alone is named as grantee in a deed the legal title is vested in the wife and is sufficient to place upon third parties the burden of investigating and inquiring as to the true title. Martinez v. De Barroso, Tex.Civ.App., 189 S.W. 740; Peavy v. Smith, Tex.Civ.App., 250 S.W. 197.

While the evidence on the question is meager, we feel that it was sufficient to justify the trial court in finding that the property against which the lien was sought to be foreclosed was the separate property of Mrs. Gladys Parker. In the case of Bank of Washington v. Moore, Tex.Com.App., 296 S.W. 868, 871, it is said:

"The land being a part of her separate estate, her husband had no control over it, and, of course, could not place upon it any valid lien by any act of his in which she did not join by an instrument in writing."

It therefore follows that if the property against which the lien was sought to be enforced was the separate property of Mrs. Gladys Parker, and we must presume the trial court so found, it was not error for the trial court to deny the plaintiff the relief sought as to the foreclosure of a lien.

Being of the opinion that the case should be affirmed on this single proposition, we pretermit the discussion of the other points raised.

The judgment of the trial court is affirmed.

## Motion for Rehearing.

In stating the facts of the case in our original opinion, we stated: "48,800 of these brick were used in the construction of a building on the south part of lot 145, in block No. 51, of the City of San Augustine, Texas, being 45 feet wide in front and 80 feet deep. The remaining 51,200 were sold to various and sundry people." This statement was made under the erroneous opinion that the evidence on this point was undisputed. Appellant, in its motion for rehearing, has called our attention to other evidence in the record which tends to show that all of the $100,000 brick were used in the construction of said building. Therefore the actual number of the brick which were used in the building was a controverted issue of fact.

With this correction in our original opinion, the motion for rehearing is overruled.