BRICK & TILE, INCORPORATED, v. F. K. PARKER ET AL.

No. A-398. Decided February 14, 1945.
Rehearing overruled March 14, 1945.
(186 S. W., 2d Series, 66.)

*S. M. Adams,* of Nacogdoches, for petitioner.

The Court of Civil Appeals erred in refusing to foreclose the lien on the property as to Tom Parker, who purchased with notice of the lien, and because there was no evidence to show that the property was not the community property of Parker and his wife. Cook v. Spivey, 174 S. W. (2d) 634; Epperson v. Jones, 65 Texas 425.

*McAlister & Tucker,* of Nacogdoches, for respondents.

The trial court having refused to foreclose a lien against the property, the presumption favoring the judgment is that the court found the property to be the separate property of Mrs. Parker. Smith v. Scott, 261 S. W. 1089; Bitter v. Bexar County, 266 S. W. 224; Peavy v. Smith, 250 S. W. 197.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Athens Brick & Tile Company furnished brick to F. K. Parker for the construction of a building on a lot in the city of San Augustine, and in due time its assignee, Brick & Tile, Inc., duly filed its account therefor with the County Clerk for the purpose of fixing the statutory materialman's lien on the lot and improvements as provided for in Revised Statutes, Articles 5452 et seq. In a suit by Brick & Tile, Inc., against F. K. Parker and his former wife, Gladys Parker, and Tom Parker, who had purchased the property after lis pendens had been filed, the trial court rendered judgment against F. K. Parker for the debt, but denied a foreclosure of the materialman's lien. The Court of Civil Appeals affirmed the judgment of the trial court. 186 S. W. (2d) 64.

The Court of Civil Appeals denied foreclosure of the lien on the ground that the lot did not belong to F. K. Parker, but that it belonged to his wife, Gladys Parker, at the time the improvements were made.

The property was purchased during the marriage of F. K. and Gladys Parker. The deed of purchase conveyed the land to Mrs. F. K. Parker, but contained no recital that it was paid for out of her separate funds, nor that it was conveyed to her as her separate property. The material part of the deed was as follows: "For and in consideration of Twelve Hundred Fifty ($1,250.00) Dollars to us in hand paid by Mrs. F. K. Parker, as follows, Twelve Hundred Fifty ($1,250.00) Dollars in cash

paid by F. K. Parker, a receipt of which is hereby acknowledged, has granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Mrs. F. K. Parker all that certain tract of land," etc.

■ Since the property was acquired during the marriage of F. K. Parker and wife, it was presumably their community property, and this presumption prevails even though the deed was taken in the name of the wife, in the absence of language in the deed tending to show that it was purchased with the separate funds of the wife, or that it was conveyed to her as her separate property. Stiles v. Japhet, 84 Texas 91, 19 S. W. 450; Ross v. Martin, 104 Texas 558, 140 S. W. 432; Cooke v. Bremond, 27 Texas 457; Speer, Law of Marital Rights (3rd ed.), sec. 352, p. 428; Connor v. Boyd (Civ. App.), 176 S. W. (2d) 212.

The deed in this instance recites that the consideration was paid by F. K. Parker. But if the language used should be construed as a statement that the consideration was paid by Mrs. F. K. Parker, the result would be the same, for this would not amount to a recitation that the consideration was paid by Mrs. Parker out of her separate funds. The deed is not materially different from one taken in the name of the husband, which, under well-established rules, place the title in community estate. There is no evidence to rebut the presumption that the property was the community property of F. K. Parker and wife. Consequently F. K. Parker had a right to contract for the material for the construction of the improvements, and thereby authorize the fixing of a materialman's lien on the property for the price of the material furnished.

■ Plaintiff's claim appears to have been properly filed with the County Clerk within the statutory time after the delivery of the last installment of brick. Moreover, the material was furnished directly to the owner for the construction of the improvements, and, under the Constitution, a lien for the value thereof accrued to the furnisher of the material without the necessity of the filing of the account with the County Clerk. Constitution, Art. XVI, Sec. 37; Strang v. Pray, 89 Texas 525, 35 S. W. 1054; Farmers' and Mechanics' National Bank v. Taylor, 91 Texas 78, 40 S. W. 876; 29 Texas. Jur. 459. Tom Parker brought with notice of plaintiff's suit to foreclose the materialman's lien on the property. No reason is apparent why the lien for the value of the brick furnished for the construction of the building should not be foreclosed.

■ Parker admits that the brick were sold and delivered to him for the construction of the building on the lot in question, but contends that only a part of them were actually used for that purpose. He asserts that he sold a part of the brick to third parties after they had been delivered. No question of homestead is involved in this case. Since the brick were sold and delivered to Parker for the construction of the improvements, the materialman's lien therefor cannot be defeated by proof that the buyer used a part of the brick for other purposes. Trammel v. Mount, 68 Texas 210, 4 S. W. (2d) 377, 2 Am. St. Rep. 479; W. L. MacAtee & Sons, Inc. v. House, 137 Texas 259, 153 S. W. (2d) 460; 29 Tex. Jur. 488.

The judgments of the trial court and Court of Civil Appeals against F. K. Parker for the debt are affirmed. The judgments of the trial court and Court of Civil Appeals denying the foreclosure of the lien are reversed, and judgment here rendered for foreclosing of plaintiff's lien.

Opinion delivered February 14, 1945.
Rehearing overruled March 14, 1945.