**MANN ELECTRIC CO. v. PHILLIPS et al.**

No. 12565.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1949.

Kenneth H. Aynesworth, Jr., Houston, Texas, Russel A. Bonham, Houston, Texas, for appellant.

Emory T. Carl, Houston, Texas, for appellees.

Before HUTCHESON, and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

HUTCHESON, Circuit Judge.

Under an oral contract with John Schalker, appellant removed old, and installed new, electrical equipment and wiring in a rendering plant owned by bankrupts, John Schalker and wife, E. S. Schalker, d/b/a Houston Rendering Company.

Alleging that it had not been paid therefor, appellant at first sought to reclaim the property, but later, by amendment, filed claim for the amount due as a secured claim under Art. 16, Sec. 37 of the Texas Constitution, Vernon's Ann.St., giving a lien for the value of the labor done on, and material furnished to, the building.

The trustee contested the claim on these grounds: (1) that the property sought to be charged with the lien was the separate property of Mrs. Schalker, and there being no claim or proof that she had executed an instrument in writing as required by Art. 4614, Rev. Civil Stat. of Texas, Vernon's Ann.Civ.St. art. 4614, no lien had been fixed upon it; (2) that what the claimant did was neither making nor repairing a building or article within the meaning of the constitutional section invoked; (3) that the property was the business homestead of bankrupts and no showing sufficient to fix a lien upon a homestead had been, or could be, made; (4) that if the plaintiff was entitled to fix a lien it has waived and forfeited the right to do so by not proceeding as required by Art. 5453, Rev.Stat., Vernon's Ann.Civ.St. art. 5453.

The referee, upon findings of fact [1] and

---

1. "I find that sometime between December 12, 1946, and April 30, 1947, Mann Electric Company performed certain work furnishing labor and material in connection with the plant of the Houston Rendering Co. in the sum of $7,830.02, consisting of electrical wiring and other material and the installation thereof in said plant.

"I find that the work was performed pursuant to an agreement between John Schalker and Manzy Mann, no definite or written contract having been made.

"I find that the work consisted of the removal of old material and wiring and replacement of new.

"I find that no investigation was made by claimant prior to the beginning of

conclusions of law,[2] as set out below, allowed plaintiff's claim in full as a non-secured, but denied it as a secured claim.

The district judge approved the order, and claimant has appealed.

Here insisting that the order denying its claim of lien was wrong and that none of the reasons given by the referee are sufficient to support it, appellant urges upon us that the judgment may not stand.

The referee's conclusions of law are general and do not state specific reasons for them. It is quite evident, though, that the main reliance of referee and judge was on the undisputed evidence which shows: that the agreement for the work was oral; that it was made by John Schalker, as manager of the business, and not by Mrs. Schalker, the owner in her separate right of the property; and that no contract in writing, signed by the wife and acknowledged by her as required by law to fix a lien, was given. Whatever, then, may be said of other reasons suggested in the referee's findings for denying the lien, if under the laws of Texas a lien cannot be imposed on the wife's separate property except by an instrument executed in accordance with the statute, Art. 4614, the order must be affirmed.

Appellee relies upon two cases so holding, Bank of Washington v. Moore, Tex.Com. App., 296 S.W. 868; and Brick & Tile, Inc. v. Parker, Tex.Civ.App., 186 S.W.2d 64.

Appellant points out that the first of these cases dealt with an ordinary contract lien and not, as here, with a constitutional mechanic's and materialman's lien, and the second, while it did deal with such a lien, was reversed in the Supreme Court on the ground that the property was not the separate property of the wife, Brick & Tile, Inc. v. Parker, 143 Tex. 383, 186 S.W.2d 66. He urges upon us: that Art. 16, Sec. 37 of the Constitution of the State of Texas, giving mechanics' and materialmen's liens is self executing;[3] that it has been held[4] that a married woman may make her husband her agent; that, with the joinder of her husband, she may become liable on a written contract for improvements placed upon her separate property;[5] and that she may be held liable for building

the work as to the bankrupt's financial condition and no representation was made by bankrupt as to his financial condition.

"I find that the Bankrupt at the time claims that he was solvent and that he intended to pay for the work and material and that his insolvency occurred subsequent to the beginning of the performance of the work by claimant, and there is no evidence in the record that the bankrupt was insolvent at the time of the making of the contract.

"I find that the labor and material and the work performed was not of such nature that the same could be reclaimed without damage and injury to other creditors and wiring and material having been removed and new wiring and material, substituted.

"I find that at the time of the making of said contract between John Schalker and Manzy Mann the property representing the Houston Rendering Company was the separate property of Mrs. E. S. Schalker, the wife of John Schalker, and John Schalker was acting as manager.

"I find that John Schalker and Mrs. E. S. Schalker were claiming the property as business homestead. I find that they had no residential homestead.

"I find that the trustee in bankruptcy contested the homestead claim of John Schalker and Mrs. E. S. Schalker, but upon application and recommendation by the Trustee the Schalkers were paid the sum of Ten Thousand Dollars in lieu of their exemptions.

"I find that claimant did not perfect his statutory mechanic and materialman's lien, but that the time for perfecting the same had not expired at the time of the filing of the petition for arrangement by the bankrupts."

2. "I, therefore, conclude that the reclamation claim of Mann Electric Company should be denied and that the secured claim be denied, but that the claim be allowed as an unsecured claim in the sum of $7830.02, and it is so ordered that said claim be allowed as an unsecured claim only for the sum of $7830.02."

3. Strang v. Pray, 89 Tex. 525, 35 S.W. 1054; Hill v. The Praetorians, Tex.Civ. App., 219 S.W.2d 564; Brick & Tile, Inc. v. Parker, 143 Tex. 383, 186 S.W.2d 66.

4. 23 Tex.Jur., Husband & Wife, Secs. 118–119.

5. Levin v. Jeffers, 122 Tex. 83, 52 S.W.2d 81.

material purchased by the husband as her agent for the improvement of her separate property.[6] So urging, he insists that under the evidence in this case and by force of these authorities, a constitutional lien became fixed upon her property in favor of the plaintiff, and the findings and order are erroneous and must be reversed.

We do not think so. The cases relied upon by appellant were all cases where the wife was solvent and the suit was for a money judgment against her. In none of them was a lien claimed or allowed against her separate property. The cases relied on by appellee were cases where a lien was claimed on her separate property, and the courts held that the provision of Art. 4614, "provided however, the joinder of the husband in the manner now provided by law for conveyances of the separate real estate of the wife shall be necessary to the incumbrance * * * by the wife of her lands," prevented a lien arising on her separate property out of a contract not executed as thus provided.

We think these cases are controlling upon us here, and that plaintiff's claim for a lien was, therefore, properly denied. The judgment appealed from is

Affirmed.

6. Willson v. Manasco, Tex.Civ.App., 63 S.W.2d 910, 911.