

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 1, 1962

Honorable W. C. Lindsey                Opinion No. WW-1406
Criminal District Attorney
Courthouse                             Re:  Matters relating to the
Beaumont, Texas                             sale to the county of
                                            highway rights-of-way by
                                            certain County Commis-
Dear Mr. Lindsey:                           sioners.

        Your letter with enclosures recites the fact that
on April 19, 1962, two of the County Commissioners of your
County submitted to the County Commissioners' Court their
personal checks in repayment of the amounts they received
for the sale of certain highway rights-of-way to the County,
after having been advised by you that such sales were illegal.
We are requested to answer the following questions:

        1.  Must the County condemn the lands afore-
        said in order to obtain for the State clear
        title to the rights-of-way?

        2.  Would the fact that in a similar situa-
        tion involving another Commissioner the land
        was the separate property of the Commissioner's
        wife, alter the answer to question No. 1, where
        the husband joined in the deed to the County?

        3.  If the land in question was originally
        deeded jointly to the Commissioner and his
        wife by her parents, in consideration of
        "love and affection," would the property be
        the separate property of the wife, or commu-
        nity property?

        4.  What disposition should be made of the
        two checks above mentioned?

        5.  When the checks are cashed by the County,
        what recourse do the Commissioners have?

Article 373, Vernon's Penal Code, makes it a misdemeanor:

> "If any officer of any County . . .
> shall become interested . . . in the
> purchase or sale of anything made for
> or on account of such County . . . or
> who shall contract for or receive any
> money or property . . . in considera-
> tion of such . . . purchase or sale
> . . ."

Article 2340, Vernon's Civil Statutes, requires each member of the County Commissioners' Court to

> ". . . take a written oath that he
> will not be directly or indirectly in-
> terested in any contract with, or claim
> against, the County in which he resides,
> except such warrants as may issue to him
> as fees of office. Each Commissioner
> shall execute a bond, to be approved by
> the County Judge in the sum of $3,000.00,
> payable to the County Treasurer, condi-
> tioned for the faithful performance of
> the duties of his office, that he will
> pay over to his County all monies il-
> legally paid to him out of County funds
> . . ."

In construing Article 373, supra, Judge Sharp, speaking for the Commission of Appeals in <u>City of Edinburg v. Ellis</u>, 59 S.W.2d 99 (1933), said:

> "The rule prohibiting public officers
> from being interested in public contracts
> should be scrupulously enforced."

In Opinion No. O-3567, this office held that the sale by a County Commissioner of an easement to the County was <u>void</u> by virtue of the statutes aforesaid, and that the Commissioner therefore had the duty to restore the purchase money to the County.

That contracts of this type are illegal is well-settled. <u>Rigby v. State</u>, 10 S.W. 760 (Ct. of App. 1889); <u>Cornutt v. Clay County</u>, 75 S.W.2d 299 (Civ.App. 1934); <u>Bland v. State</u>, 38 S.W. 252 (Civ.App. 1896, error ref.); Attorney General's Opinion No. O-3307. In the opinion last mentioned, this office held that condemnation was the proper remedy for acquiring right-of-way owned by a County Commissioner. We re-affirm this holding and answer the first question in the affirmative.

Question No. 2 involves the validity of the sale of separate property of a Commissioner's wife to the County. Under the said statutes, the Commissioner must not be "interested" in the contract. What then is the relationship of the Commissioner to the transaction involving his wife's separate property?

You did not state whether or not the right-of-way involved was a part of the homestead of the Commissioner and his wife. If homestead, the husband has certain rights enabling him to block the disposition of same. Article 4618, V.C.S. Unless he joins in the conveyance, the wife is powerless to dispose of any part of her separately owned homestead. The only exceptions to this rule are in the event of permanent abandonment by the husband or his becoming insane. In either of those events, the wife may make the sale under order of the District Court. Article 4617, V.C.S. Under the 1957 amendment to Articles 4614 and 4617, it is true that a married woman at least 21 years of age may take the necessary steps to dispose of her separate property without the joinder of her husband, but this is true only as to the non-homestead property. With the two exceptions noted, neither the husband nor the wife can dispose of the homestead, regardless of which spouse is the owner, without both joining in the conveyance. Further, in the event of the death of the wife, the husband is entitled to use and occupy the homestead for the remainder of his life, even if title to same is willed by his wife to third parties. 28 Tex.Jur.2d 629, Homesteads, Sec. 203. These matters, we think, clearly make the husband "interested" in any disposition of the homestead property, even though separately owned by the wife.

If the property is not homestead, the husband cannot prevent the wife from conveying her separate estate. Article 4614, V.C.S. The proceeds of such sale would continue to be

her separate estate and the husband would own no part thereof. We call attention, however, to the fact that in a very real sense, the separate property of either spouse is a capital asset of the marriage, inasmuch as the rents and revenues therefrom are in law the community property of both, and this is true even though the Statute (Article 4614, V.C.S.) makes "the increase of all lands" belonging to the wife her separate property. The Texas Constitution, Article XVI, Section 15, defines the wife's separate property, which definition does not include rents and revenues from such property, thus limiting the legislative power to enlarge such definition. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925). As stated in Commissioner of Internal Revenue v. Wilson, 76 F.2d 766 (C.C.A. 5th, 1935), "the rents and revenues of the wife's separate estate, therefore, still go to the community." And see 30 Tex.Jur.2d 121, Husband and Wife, Section 67.

The fact that the separate property of the wife is a capital asset of the marriage, the rents and revenues therefrom belonging equally to the spouses, in our opinion makes the husband "interested" in the disposition of such property. We accordingly answer question No. 2 in the negative.

We are unable to answer the third question inasmuch as the determination of a question of fact is involved. We point out that there is a presumption that property conveyed to husband and wife, or for that matter to either spouse, during marriage, is community property. Brick and Tile v. Parker, 143 Tex. 383, 186 S.W.2d 66 (1945). It appears, however, that the presumption may be overcome by proof that the intention of the parties to the conveyance was that the property was to be the separate estate of the wife, such intention being ascertainable by

> "parol evidence of surrounding circum-
> stances, contemporaneous declarations of
> the parties and other admissible evidence
> . . ."

Dunham v. Chatham, 21 Tex. 231 (1858); Panhandle Construction Company v. Flesher, 87 S.W.2d 273 (Civ.App. 1935, error dism.)

With reference to question No. 4, since the sales in question are void, the checks should be cashed by the County and placed to the credit of the particular County fund from which the purchase money was originally drawn. The deeds to the County being void, title to the lands remains in the original owners and is subject to their disposition just as before the attempted sales were made, except that they cannot, of course, make a voluntary sale to the County. This answers question No. 5.

## SUMMARY

Article 377, Vernon's Penal Code, and Article 2340, Vernon's Civil Statutes, invalidate a sale of highway right-of-way by a County Commissioner to his County. However, the County may acquire such right-of-way by condemnation proceedings. The fact that property sold to the County was the separate property of the wife of a Commissioner would not make the transaction a valid one. The question of whether land conveyed jointly to husband and wife by the wife's parents in consideration of "love and affection" is the separate property of the wife is a question of fact. Checks received by the County from two (2) County Commissioners repaying the purchase money received by them for rights-of-way sold to the County should be deposited by the County to the credit of the County fund from which the purchase money was originally paid. The sales being void, title to the rights-of-way remains in the original sellers.

Very truly yours,

WILL WILSON
Attorney General of Texas

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant Attorney General

JAS:afg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Tom McFarling
Bob Shannon
Joe Osborn

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore