# NOVEMBER 1905.

---

### William A. Nichols v. William Dixon et al.

#### No. 1465. Decided November 2, 1905.

Materialman's Lien—Notice—Filing—Priority.

 Where the owner of a building, by payment to the contractor, had reduced the sum due him to less than the amount of the liens subsequently filed, a materialman who had given timely notice of the items furnished as required by Rev. Stats., article 3296, was entitled to preference as to such claim over liens filed of which no notice had been given until after such payment to the contractor. (Rev. Stats., arts. 3296, 3298, 3305, 3308, 3310.) (Pp. 266–269.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Jefferson County.

Nichols sued Dixon and wife, the owners of the premises improved, and Hawkins, the contractor, claiming a lien for materials furnished.

The Texas Builders' Supply Co., and others suing to enforce liens on the same fund, were impleaded in the suit by defendant, Dixon, and Nichols appealed from a judgment giving a part of the claim of that company preference over his own. On affirmance, he obtained writ of error.

*Hardy & Hardy,* for appellant.—Where an owner contracts for improvements on his lots, a materialman who furnishes the material that goes into such improvements is given a lien on said improvements and the lots by sec. 37 of art. 16 of the constitution, without regard to filing or recording the bill of material so furnished, whether he is the original contractor or a subcontractor under him. Sec. 37 of article 16 of the constitution; Strang v. Pray, 89 Texas, 527; Farmers' & M. National Bank v. Taylor, 91 Texas, 80-1, 85; Texas Builders' Supply Co. v. National Investment Co., 22 Texas Civ. App., 349; Delauney v. Butler, 55 S. W. (C. A.), 752; Padgitt v. Dallas Constr. Co., 51 S. W. (C. A.), 530; Meyers v. Wood, 95 Texas, 71; Fullenwider v. Longmoor, 73 Texas, 484.

Where a materialman furnishes material that goes into improvements upon lots, contracted for by the owner, with notice on the part of the owner, before any payments are made to the original contractor, that such materialman is furnishing material for the construction of improvements, his lien is fixed by the constitution, without regard to any filing or recording of his bill of material. Same authorities.

Where the owner enters into a contract with a building contractor for the entire labor and material for improvements upon his lots, with knowledge that such contractor will have to purchase the material from a third party, and such third party did furnish said material, and said owner knew it, such owner is charged by sec. 37 of art. 16 of the constitution with the duty of seeing that the contract money is applied to the payment of said materialman; and failing to do so, he can not avoid the constitutional lien upon payment of the full amount of the contract price to the original contractor. Same as under first proposition; also, Rev. Stat., 3307.

Rev. Stat., 3296, says notice at any time within the period prescribed charges notice of all material furnished *subsequent* thereto. Dudley v. Jones, 77 Texas, 70; Texas Builders' Supply Co. v. National Inv. Co., 22 Texas Civ. App., 349; Fullenwider v. Longmoor, 73 Texas, 484.

The constitution creates a lien upon the lots as well as upon the improvements. Strang v. Pray, 89 Texas, 528.

The legislature has no power to limit, abridge or destroy the lien granted by the constitution. Same as under first proposition.

Where an owner of property enters into a contract for the erection of improvements upon his property, and knows that the contractor will employ other laborers besides his own personal hands, and will purchase material from other materialmen to go into said building, and that he did purchase such material, he can not avoid the lien given by the constitution and the statutes by showing that he paid

the contractor the full amount of the contract price prior to the expiration of the time which the statute gives to such several laborers and materialmen in which to fix their mechanics' liens. Rev. Stat., 3307; Fullenwider v. Longmoor, 73 Texas, 484; Texas Builders' Supply Co. v. National Inv. Co., 22 Texas Civ. App., 349; Padgitt v. Dallas Constr. Co., 92 Texas, 629; Dudley v. Jones, 77 Texas, 70.

Where the owner, in process of having improvements on his lots, agrees with the materialman to see that his bill for lumber is paid, knowing that the materialman is about to furnish material to the contractor to erect the improvements for said owner, the materialman there stands in the attitude of an original contractor with the owner, and his lien is a constitutional lien and needs no filing. Kahler v. Carruthers, 18 Texas Civ. App., 216, and supra.

Where different parties furnish material for the construction of improvements, and all fix the statutory lien in the manner and time required by the statute, the liens all stand upon equal footing in proportion to their amounts, without regard to priority of filing or of notice to the owner. Rev. Stat., art. 3310; Fullenwider v. Longmoor, 73 Texas, 484; Padgitt v. Dallas Constr. Co., 92 Texas, 629.

*Greer & Minor,* for appellees.—The validity of the lien claimed by appellant against the property of these appellees depends upon whether appellant complied with the requirements of the statute enacted in pursuance of the constitution of Texas; and as it appears that Hawkins was the original contractor and appellant a subcontractor under him, and that appellant did not give written notice of his claim for material furnished to appellees before they had paid Hawkins the amount due him under the contract for building the houses, except the sum of $513.90, as found by the court below, it therefore follows, by the terms of art. 3308, Rev. Stat., that the appellees and their homestead were not liable to appellant for the material furnished by him, beyond appellant's distributive part of the $513.90. Texas const., art. 16, sec. 37; Rev. Stat., art. 3308; Berry v. McAdams, 93 Texas, 431; James v. St. Paul's Sanitarium, 24 Texas Civ. App., 665; Herring Co. v. Kroeger, 23 Texas Civ. App., 675.

Even if the constitution does give a lien in favor of the class of persons to which appellant belongs, yet the constitution, at the same time, required the legislature to enact laws for the "speedy and efficient" enforcement of such a lien; and the legislature having enacted such laws, and such laws being within the power of the legislature over the subject, the appellant's failure to comply with the reasonable and just regulations of that statute defeats the lien claimed by him under the constitution. There being valid laws upon the subject, the question, what would be the rights of appellant if there was no such statute, can not arise. Same authorities as under preceding proposition.

Actual knowledge by appellees that the original contractor would have to purchase the material from a third party, and that such third party did furnish such material, is not a sufficient compliance with the law, because the statute provides, "But no owner or proprietor shall

in any case be required to pay nor his property be liable for any money that he may have paid to the contractor before the fixing of the lien, or before he has received written notice of the existence of the debt"; and appellant not having fixed his lien, or given the written notice required by the statute, until appellees had properly paid out all of the contract price except $513.90, the appellant is not entitled to enforce his lien upon the property of appellees for material furnished by him, further than as was done by the district court. Berry v. McAdams, 93 Texas, 431; Dudley v. Jones, 77 Texas, 70; Fullenwider v. Longmoor, 73 Texas, 484.

The debt of the appellees, as the owners of the homestead property in question, was fixed by the contract with the original contractor at $3,800.00, and no proceedings by appellant could do more than establish a lien against the property for his pro rata of the $513.90 remaining unpaid at the date when appellant fixed his lien, which was at 5 p. m. on April 30, 1902—the owners not being required to pay for the improvements twice in order to protect appellant. Rev. Stat.; arts. 3308, 3296; Fullenwider v. Longmoor, 73 Texas, 484; Burt v. Parker, 77 Texas, 340; Sunset Brick Co. v. Stratton, 53 S. W., 704; Faber v. Muir, 64 S. W., 941; Ricker v. Schardt, 5 Texas Civ. App., 464.

The district court did not err in the distribution of the $513.90 found not paid by appellees out of the contract price of $3,800.00, and properly adjudged that, out of said $513.90, the Texas Builders' Supply Company should first be paid its claim of $280.00 in full, and that the balance should be prorated between appellant, the Texas Builders' Supply Company, and R. E. Wortham, in the proportion their respective claims bore to said balance.

WILLIAMS, Associate Justice.—The question before us concerns the proper distribution, among Nichols and other materialmen, of a small sum of money in the hands of Dixon, as the balance due upon a contract between him and one Hawkins for the construction of a building upon the homestead of Dixon and wife. We have concluded that the appeal was rightly decided in the Court of Civil Appeals, and shall discuss the question alone upon which the writ of error was granted.

The contract for the improvement between Dixon and Hawkins was concluded January 2, 1902, and was duly filed for record January 9, 1902, the stipulated price being $3,800.00. After the completion of the improvement, there remained in the hands of Dixon, subject to the claims of materialmen entitled to claim interests in it, the sum of $513.90, and the proper distribution of this among the several claimants is the question now before us. The facts upon which its decision depends are the following:

The Texas Builders' Supply Company, in January, February and March, 1902, furnished to Hawkins, to be used in the building, material, the balance due on the price of which amounts to $280.00. On March 21, 1902, that company gave the statutory notice of this claim. At that time there remained unpaid of the contract price of the improvement $1,044.99. Of this, Dixon properly paid out, prior to 5 o'clock P. M., April 30, 1902, the sum of $531.09, leaving on hand only

$513.90. The Texas Builders' Supply Company, after giving the notice just stated, sold other material to Hawkins of the value of $121.00, but gave no notice thereof to Dixon; and on May 10, 1902, filed its claim of lien for the whole amount due from Hawkins—$401.00. Nichols, the plaintiff in error, sold to the contractor, Hawkins, at the following several dates, material used in the house of values stated, viz., February 12, 1902, $693.00; March 2, 1902, $70.81; and April 3, 1902, $70.00. He gave no statutory notice to Dixon of the sales to Hawkins until 5 o'clock p. m. of April 30, 1902, when he filed his claim in accordance with the statute to fix his lien. R. E. Wortham did work upon the building of the value of $65.00, but gave no notice to Dixon of his claim until May 16, and did not file his lien until May 31, 1902. The district court held that, out of the sum remaining in Dixon's hands, the claim of the Texas Builders' Supply Company for $280.00, of which notice was regularly given to Dixon March 21, should be paid in full; and that the balance of the fund should be applied ratably to the other claim of that company, of which no notice had been given, and those of Nichols and Wortham. Nichols alone appealed, and, upon the judgment being affirmed by the Court of Civil Appeals, prosecuted this writ of error.

As Nichols is the only person complaining of the judgment below, the only question for decision is whether or not all that he was entitled to claim was allowed him. He claims, among other things, that under art. 3310, Rev. Stat., his claim stood upon an equal footing with the others, and that the priority given by the judgment to the claim of the Texas Builders' Supply Company is wrong. The article referred to is as follows: "The liens for work and labor done or material furnished, as provided in this chapter, shall be upon an equal footing, without reference to date of filing the account of lien; and in all cases, when a sale shall be ordered and the property sold, which may be described in any account of lien, the proceeds arising from such sale, if not sufficient to discharge all the liens against the same, without reference to the date of filing the account or lien, shall be paid pro rata on the respective liens; provided, such accounts or liens shall have been filed and suit brought as provided by this law; provided that nothing in this law shall be so construed as in any manner affecting the contract between said owner and original contractor as to the amount, manner or time of payment of said contract price." Equality is here given only to such liens as have been filed "as provided by this law," and Nichols can only secure it by showing that he has done that which the statute required. By art. 3296, it is provided that a person who may furnish material to a contractor, by giving written notice to the owner of each and every item furnished, and by showing how much there is due and unpaid on each bill of material furnished, at any time within ninety days after the indebtedness shall have accrued, may fix and secure the lien by filing in the office of county clerk an itemized account of his or their claim, etc. Art. 3298 prescribes a form of affidavit to be substantially followed in filing the lien, in the latter part of which the statement is required that the claimant "has given to the owner, etc., notice in writing of each item of said account, as required

in art. 3296, as the same was furnished" to the contractor. The arrangement of the different clauses in art. 3296 might leave some doubt whether the ninety days' provision applied to the notice, or to the filing of the claim with the county clerk, or to both; but art. 3298 makes it plain that the time limitation refers to the filing, and that the notice is to be given as the material is furnished. In one of the provisions of art. 3308 is also found the requirement, with reference to material furnished for the improvement of a homestead, that "a copy of each bill of lumber furnished to the contractor or builder, as the same is furnished, shall be delivered to the owner of said homestead." A somewhat different rule is prescribed by art. 3305 to govern a different class of persons from that to which Nichols belongs. It thus appears that, in order for such a claimant as Nichols to have filed his lien "as provided by this law," he must have given the notice prescribed by arts. 3296, 3298 and 3308, and in filing his claim must have made affidavit to the giving of such notice; and it follows that, if he has omitted to do this, he is excluded by the first proviso in art. 3310 from the equality declared by the first part of that article. The reason for this is apparent. If all furnishers of material, as it is furnished, give the prescribed notice to the owner of the property, and then file their liens in the prescribed time, they have done all the statute requires, and have been equally diligent in their efforts to secure payment out of the price to be paid for the improvement, and hence are put upon an equality in the distribution. But as the owner may, so long as he receives no such notices, pay money to the contractor, and can not, under the provisions of arts. 3296, 3308 and 3310, be made liable for sums thus paid, the fund out of which such claims are to be secured may be diminished through the fault of those who delay giving the notice; and when, from such a cause, there is left in the hands of the owner a sum insufficient to pay all unpaid claims, it would be unjust for those from whose lack of diligence the diminution occurred to participate equally with those who gave the notice in time to secure their claims. That this was not intended, is apparent from the first proviso in art. 3310; and it follows that equality is not given by that article.

But the Texas Builders' Supply Company did not comply strictly with the statute, in that it did not give notice of the items of its bills as the material was furnished, and it may be said that it is in no better position than the plaintiff in error. We think this may be met by the decisions of this court as to the purpose of the notice. The notice is required in order that the owner may withhold from the contractor moneys that should be paid to those furnishing him with material. This purpose is met if notice is given while the owner still has enough of the contract price to pay the claim, and when neither he nor any one else interested has been prejudiced by the delay, provided, of course, the lien of such a claimant is eventually asserted as the law permits. Johnson v. Amarillo Imp. Co., 88 Texas, 512. Under this principle the Texas Builders' Supply Company, by giving notice of its claim for $280.00, and fixing its lien at a time when Dixon had in his hands largely more than enough to pay it, and when no other claims had been presented, secured the right to have the owner withhold that sum

from the contractor. If Dixon had then paid this claim, he would have been completely protected by art. 3308, and no one could have complained. The question whether or not, since it was not paid, but the amount remains in his hands, if others subsequently furnishing material had complied strictly with the law they could have secured the right under art. 3310 to equal participation, is not before us, and we express no opinion on it. Nichols does not occupy such a position. By far the larger part of his claim had already accrued, and he gave no notice of either that or of the part subsequently accruing; and in consequence of his neglect, the owner afterwards rightly paid out the larger portion of the amount held by him at the time he received notice from the other claimant.

An equal distribution of the fund on hand would either require the Texas Builders' Supply Company to lose a part of 'that which it thus, by its diligence, held in the hands of Dixon to pay its own claim, by yielding it to another who, by his failure to comply with the statute, has allowed other sums to pass beyond his reach, or else require Dixon, in order to make the Company whole, to pay back a part of the money paid out by him when he had received no notice of other claims, and when he had reserved more than enough to pay the claim of which he had notice. The latter result is plainly forbidden by the statute, and the first would be obviously unjust and unauthorized by law. The equality provision of the statute applies, as we have seen, only between those lienors who have complied with the statute, and stand upon the same plane as to diligence.

The plaintiff in error has no just cause to complain of the judgments.

*Affirmed.*