## CRABB v. WILLIAM CAMERON & CO., Inc.

No. 1459—6146.

Commission of Appeals of Texas, Section B.

Oct. 4, 1933.

G. W. Dunaway, of Midland, for plaintiff in error.

Haag & Stubbeman, of Midland, for defendant in error.

SHORT, Presiding Judge.

The opinion of the Court of Civil Appeals in this case, which states the facts, is reported in 42 S.W.(2d) 638. The facts may be restated more briefly as follows: On December 1, 1929, Clemmie Pruit Woods was the then owner of lots 13, 14, and 15 in block 65 of the original town of Midland, Midland county, Tex., and there was at said date an outstanding vendor's lien, held by Dr. John B. Thomas, against said lots. Thereafter on said date the said Clemmie Pruit Woods executed and delivered to plaintiff in error her note in the sum of $17,500, secured by deed of trust covering all of said property, which was duly filed of record and recorded in Midland county, Tex., before any material was furnished to the said Clemmie Pruit Woods by the defendant in error. The note and deed of trust was given to secure advances to be made by the plaintiff in error, first, to pay off and discharge the outstanding vendor's lien on the land, and, second, to pay for improvements to be erected on the land by Mrs. Woods. The note in question was to be due and payable on or before June 1, 1930. On December 6th plaintiff in error paid off the vendor's lien note and the same was released. Thereafter on various dates advances were made in payment of the improvements on the property to the extent of $6,246. Beginning on or about December 11, 1929, and at various dates thereafter on and up to the 24th day of June, 1930, defendant in error furnished to the said Clemmie Pruit Woods building material of the value of $1,117.05, and on June 25, 1930, filed in the mechanic's lien records of Midland county an affidavit of its said account.

There was no pleading or evidence that the plaintiff in error had notice that the defendant in error had furnished material at the time any of the advancements were made, and, as a matter of fact, a large portion of the material alleged to have been furnished was furnished after all advancements had been made and after the note

secured by the deed of trust was past due and delinquent.

The trial court rendered judgment in favor of both plaintiff and defendant in error for their respective debts, and decreed that the lien of plaintiff in error was prior to, and superior to, the lien of defendant in error, and directed the sale of the property, and required the proceeds to be first applied to the payment of the debt of plaintiff in error for the full amount, and that any remaining amount be paid to the defendant in error, and gave both parties personal judgment for any deficiency.

The Court of Civil Appeals reversed this decision and gave priority to the lien of plaintiff in error to the extent of the amount paid by him in discharging the vendor's lien note, $1,600, and priority to the lien of the defendant in error for the balance of the proceeds of such sale.

There was no statement of the facts filed in the case, but the facts above stated were found by the trial court. The plaintiff in error presents the following proposition which we think is correct, as applied to the facts in the case under discussion: "A valid outstanding Deed of Trust Lien, duly recorded, is superior to a subsequently accruing Materialman's Lien even though the Deed of Trust Lien be given for advances to be made, unless the materials in question were furnished prior to the advances made, and notice thereof given to the holder of the Deed of Trust Lien."

There is no question raised in this case as to the validity of the liens involved, but only as to their priorities. Plaintiff in error's lien is for money advanced in the sum of $8,646, with interest and attorney's fees. Of this sum, $1,600 was used in paying off an existing vendor's lien on certain property, and $6,246 was thereafter advanced to the owner of such property. This indebtedness was secured by a deed of trust lien dated December 1, 1929, and covering the same property on which the vendor's lien had been taken up. Defendant in error holds a mechanic's and materialman's lien created by the law and duly filed under and in accordance with the statutes to secure it, in the payment of the sum of $1,107.05 with interest representing the purchase price of material furnished by defendant in error to the owner, and by such owner used in the construction of permanent improvements located on the same property against which plaintiff in error holds its deed of trust. The inception of defendant in error's lien is fixed at about December 11, 1929.

■ The legal rights of the defendant in error in this case are fixed by the provisions of article 5452 and article 5459, R. C. S. 1925, both of which are quoted in the opinion of the Court of Civil Appeals. By the provisions of these articles, a person occupying the position of the defendant in error in this case, having complied with the provisions of title 90, chapter 2, R. C. S. 1925, fixed a lien on whatever structure which may be situated on a lot or lots of land, necessarily connected therewith, to secure payment for labor done, lumber, material, machinery, or fixtures and tools furnished for construction or repairs thereof. This lien, for which provision is made, shall attach to the structure in preference to any prior lien, incumbrance, or mortgage upon the land upon which the houses, buildings, or improvements have been put, or labor performed. A person enforcing such lien may have such house, building, or improvements sold separately. However, the trial judge found that the building upon which this labor was performed, and upon which the material was used in the construction, could not be removed from the land upon which the building was located, for the reason that such building was of the character that it could not be separated from the land; it having become, by reason of the character thereof, a part of the land. This fact so found by the trial judge indicates clearly that the material furnished and the labor performed upon the building in question was of the nature which must have given notice to the people furnishing the material and performing the labor that it could not be separated from the land, but, on the contrary, it necessarily became a part thereof. However, the record further shows that at the time the material was furnished and the labor performed by the defendant in error there had been duly filed of record an instrument showing that the plaintiff in error was under an enforceable contract with the owner of the lots to furnish her with certain moneys for the purpose of making these improvements, in consequence of which fact the defendant in error was put upon notice that any permanent improvements which might be put upon the lots and which could not be removed therefrom without injury thereto would be subject to sale as a part of the lots for the payment of any sums of money which the owner thereof might be due the plaintiff in error. This situation prevents the fixing of the lien prescribed by article 5452 upon the lots, and of course upon the structure located on the lots, since such structure could not be separated or removed therefrom.

■ The mechanic's lien or materialman's lien did not exist in common law or in equity, but is created purely by the law. Where the provisions of the law are fully met, and the conditions prescribed by the law exist, the lien provided by the statute attaches as a matter of course by virtue of the facts, but, where these conditions do not

exist, or where the provisions of the law are not complied with, no lien attaches which has priority over liens which have attached previously. Had the owner of these lots paid the defendant in error for the material furnished and the labor performed, with the money furnished by the plaintiff in error, or with money of her own, no question could arise as to the right of the plaintiff in error to subject the property to the payment of the debt owed by the owner of the property to the plaintiff in error. Moreover, if the character of the building in the construction of which the materials furnished by the defendant in error were used, and upon which labor was performed, was such that it indicated that such building could be removed from the land without damage, then, by terms of the statute, the defendant in error could have fixed a lien on such building, but the fact remains that the character of the building was such that it became a part of the realty while being built, and therefore was notice to the defendant in error, who furnished the material and performed the labor, that it could not be removed, and that it became a part of the realty. We therefore sustain the proposition as heretofore stated. Cisco Banking Co. v. Keystone Pipe & Supply Co. (Tex. Com. App.) 277 S. W. 1060; C. D. Shamburger Lumber Co. v. Holbert (Tex. Civ. App.) 34 S.W.(2d) 614; Nalle v. Eaves (Tex. Com. App.) 5 S.W.(2d) 500; State Trust Co. v. Morrison (Tex. Com. App.) 282 S. W. 214.

We recommend that, in so far as the judgment of the Court of Civil Appeals reverses that of the district court, the same be reversed, and that the judgment of the trial court be affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.