**TOMLINSON v. HIGGINBOTHAM
BROS. & CO. et al.**

No. 2788.

Court of Civil Appeals of Texas.
Eastland.

April 28, 1950.

Edward Brown, Cisco, for appellant.

Turner & Seaberry, Eastland,. Eugene Lankford, Cisco, R. E. Grantham, Cisco, McNees & McNees, Dallas, Fred O. Jaye, De Leon, for appellees.

LONG, Justice.

Plaintiffs, Higginbotham Bros. & Company, L. D. Wyatt, Alton Lomax and Burton-Lingo Company sued John W. Fields and Esen A. Fields, Jr., (hereinafter called Fields Brothers), to foreclose Mechanics' and Materialmen's liens for material and labor furnished in the construction of a house in the City of Cisco. Plaintiffs joined as defendants W. J. Prange, Trinity Valley Lumber Company, S. G. Tomlinson and T. D. Sadberry, alleging that they were each asserting some interest in the property. Prange filed a disclaimer. Trinity Valley Lumber Company (hereinafter referred to as plaintiff) filed its answer and cross action asserting a Materialmen's lien against the property. Tomlinson filed an answer and cross action, alleging that on May 18, 1948, he loaned Fields Brothers $2,500 for which they, on the same date, executed and delivered to him their promissory note for said amount together with a deed of trust on the property involved to secure payment of said note. Sadberry answered, alleging that he was in possession of the property under contract of sale with Fields Brothers. Upon a trial without a jury, the court held that plaintiffs had Materialmen's and Mechanics' liens (both constitutional and statutory) against said property and ordered said liens foreclosed, together with the deed of trust lien of defendant Tomlinson, ordered the property sold as under execution and awarded priority of payment out of the sale to plaintiffs over the deed of trust lien of defendant Tomlinson. From this judgment Tomlinson has appealed.

Tomlinson asserts the trial court erred in decreeing that the liens of plaintiffs were superior to the deed of trust lien held by him. He contends that he is a lien holder in good faith for a valuable consideration without notice, either actual or constructive, of any of the liens asserted by plaintiffs. Defendant Tomlinson plead, and his evidence tended to support, the above contention. However, the evidence is conflicting on this issue. At the time of the execution and delivery of the deed of trust to Tomlinson, plaintiffs had not attempted to fix their liens by filing affidavits. While the house was under construction, Fields Brothers approached Tomlinson in an effort to secure a loan on the property. At that time Tomlinson advised them he was afraid there were a lot of bills against the house but he was told by one of the Fields that all of the indebtedness against the house had been paid and that he would. make an affidavit to that effect. Tomlinson made the $2,500 loan to Fields Brothers and they executed a deed of trust covering the property. to secure such note and made an affidavit that all of the indebtedness for labor and material against the house had been paid. When Tomlinson inspected the house before making the loan, he discovered that. the house had not been completed. At that time work was being done thereon. Whether Tomlinson was a lien holder in good faith for a valuable consideration without notice of the liens of plaintiffs was a question of fact. 43 Tex.Jur. page 648. The trial court impliedly found against Tomlinson upon this issue. This finding has support in the evidence and it is our duty to sustain it. The Statutes and Constitution gives to all persons who furnish material and labor in the construction of a building a lien upon the lands and the building to secure payment therefor. Tomlinson was charged with notice of such liens. This is true even though plaintiffs at that time had not attempted to fix their liens by filing affidavits in the office of the

County Clerk as required by the statute. Vernon's Ann.Civ.St. art. 5452 et seq. The law is well settled that while a building is under construction, any person who takes a mortgage thereon does so with notice of any mechanics' or materialmen's liens. It is his duty to make inquiry as to whether or not labor has been performed or material furnished within the statutory period for filing liens for which payment has not been made. Tomlinson made no such investigation. He apparently relied solely on the affidavit made by one of the Fields. He made no inquiry of the people who furnished the material and labor on the house. He did not talk to the man who was working on the house at the time he inspected it. "In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, which if pursued by the proper inquiry the full truth might have been ascertained. Means of knowledge with the duty of using them are in equity equivalent to knowledge itself." Hexter v. Pratt, Tex.Com. App., 10 S.W.2d 692, 693. See also 66 C.J. 1115; Hill v. Stanolind Oil & Gas Co., 119 Colo. 477, 205 P.2d 643, 650; Brown v. Hart, Tex.Civ.App., 43 S.W.2d 274; 31 Tex.Jur. 362.

We are, therefore, of the opinion that the trial court did not err in holding that Tomlinson was not a lien holder in good faith without notice of plaintiffs' liens. Furthermore, the court did not err in holding plaintiffs' liens had priority over Tomlinson's deed of trust lien. Moore, et al. v. Carey Bros. Oil Company, Tex.Civ. App., 248 S.W. 470; Oriental Hotel Company, et al., v. Griffiths, et al., 88 Tex. 574, 33 S.W. 652, 30 L.R.A. 765, 53 Am. St.Rep. 790; Moore, et al. v. Carey Bros. Oil Company, et al., Tex.Com.App., 272 S.W. 440, 39 A.L.R. 1247.

■ Within the time prescribed by the statute, plaintiffs filed with the County Clerk of Eastland County their affidavits to which was attached itemized accounts of material and labor furnished Fields Brothers in the construction of the house. Defendant Tomlinson contends that these affidavits and accounts do not comply with the statute and are insufficient in several respects. Without setting out the affidavits and accounts, we believe that each substantially complies with the statute. However, if we be mistaken in this, we are further of the opinion that plaintiffs each had a constitutional lien against the property and that it was not necessary for them to file an account with the District Clerk in order to preserve such liens. The labor and material were furnished by the plaintiffs directly to the owner of the property and were used by such owner for the construction of the improvements thereon. Under our Constitution, Article 16, Sec. 37, Vernon's Ann.St., a lien for the value of such labor and material accrued to the plaintiffs without the necessity of the filing of their accounts with the County Clerk. This provision of the Constitution gives the lien independent of the Statute and makes it the duty of the Legislature to provide for its enforcement. It is self executing in effect and operative to those who contract directly with the owner. Strang, v. Pray, 89 Tex. 525, 35 S.W. 1054; Farmers' & Mechanics' Nat. Bank of Fort Worth v. Taylor, 91 Tex. 78, 40 S.W. 876, 966; 29 Tex.Jur. 459, 460; Brick & Tile, Inc. v. Parker et al., 143 Tex. 383, 186 S.W.2d 66.

■ Plaintiffs had liens upon the property at the time Tomlinson acquired his deed of trust lien. As between plaintiffs and Fields Brothers, it was not necessary for plaintiffs to file their affidavits and accounts with the County Clerk in order to preserve such liens. Tomlinson having taken his lien before the completion of the house and while it was under construction, the trial court having impliedly found he had notice of the liens of plaintiffs, we hold that he stands in the same shoes as Fields Brothers and that plaintiffs' liens were prior to his deed of trust lien.

■ By other points, defendant Tomlinson contends that plaintiffs are not entitled to foreclosure of their constitutional liens on the grounds that they did not allege such liens and did not pray for foreclosure thereof. We do not agree with this contention. Plaintiffs' petition alleged facts which, if true, entitle them to a con-

stitutional lien upon the property. They prayed for general and special relief. This is sufficient under the law to entitle them to a foreclosure of their constitutional liens. Seeds v. Edgerton, Tex.Civ.App., 209 S.W.2d 987; Aston v. Allison, Tex. Civ.App., 91 S.W.2d 852.

 The title to the lot upon which the house in question was built rested in W. J. Prange at the time the work was commenced thereon. Before the house was completed, Prange deeded the lot to Fields Brothers and did not retain a vendor's lien thereon. Shortly after the deed from Prange to Fields Brothers was executed and delivered, Fields Brothers executed the $2,500 note payable to Tomlinson and secured the same by a deed of trust lien on the property. Tomlinson makes the contention that Fields Brothers were not the owners of the lot at the time the labor and material were furnished by plaintiffs. and, therefore, the mechanics' and materialmen's liens claimed by them are void and of no force and effect. We cannot agree with this contention. There is no showing that the money loaned by Tomlinson to Fields Brothers was used in paying the purchase price for said property. Fields Brothers were in possession of the lot at the time plaintiffs began to furnish labor and material. Before the house was completed they acquired title thereto. We believe that Fields Brothers, by virtue of their thereafter acquired title, were "owners" within the terms of the law. Plaintiffs' lien attached to the after acquired title as if Fields Brothers had been the owners at the time the work was commenced on the building. 29 Tex.Jur. pages 482, 504; 52 A.L.R. page 693.

Tomlinson excepted to plaintiffs' petition for the reason that said petition showed upon its face a misjoinder of parties and causes of action in that said petition joins as plaintiffs four different parties plaintiff, each of whom asserts a separate and distinct cause of action not arising out of the transaction or contract. Tomlinson assigns as error the action of the court in overruling this exception. Under Section (a) of Rule 40, Texas Rules of Civil Procedure, it is permissible to join as plaintiffs "all persons" asserting "right to relief * * * arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Plaintiffs were seeking to foreclose their respective liens upon the same property. The liens arose by reason of a series of transactions in which common questions of law and fact were involved. We cannot see how the defendant was injured in any way by the joinder of the plaintiffs. The court did not err in overruling the exception.

We have carefully examined all points presented by the defendant, and find no reversible error in any of them.

The judgment of the trial court is in all things affirmed.