**J. C. McCONNELL et al., Appellants,**

v.

**MORTGAGE INVESTMENT COMPANY OF EL PASO et al., Appellees.**

No. 5119.

Court of Civil Appeals of Texas. El Paso.

Dec. 28, 1955.

Rehearing Denied March 28, 1956.

On Motion for Rehearing June 7, 1956.

Second Motion for Rehearing Denied June 27, 1956.

**637**

Blanton & McMahon, Odessa, for appellants.

Burges, Scott, Rasberry & Hulse, J. L. Rasberry and Schuyler Marshall, El Paso, for Mortgage Investment Co.

Isaacks & Ward, El Paso, for Chaney & Singleton Bros.

FRASER, Justice.

This is an appeal from a judgment in favor of the plaintiff Mortgage Investment Company of El Paso, Texas, rendered in the trial court, which judgment held that the deed of trust and mechanics' and materialmen's liens of plaintiff, appellee, were superior to the vendor's lien of appellants, J. C. McConnell and J. C. McConnell Land Company, Inc. The judgment also provided for debts and foreclosures against Chaney & Singleton Bros., but these last mentioned parties have not appealed therefrom. The matter was tried to the court without a jury, on an agreed stipulation of facts.

It appears that Chaney & Singleton executed a note and deed of trust on April 15, 1953, for the sum of $119,300 in favor of plaintiff (appellee) Mortgage Investment Company. This note was secured by a deed of trust on some fourteen lots in the McConnell Addition, Odessa, Texas.

. These papers, after being executed and recorded at Odessa, were forwarded with a title binder showing same to be a first lien, to the plaintiff at El Paso. Defendant McConnell before said date had a valid vendor's lien on the premises, which he then subordinated to the said note and deed of trust in favor of plaintiff. These facts were apparently unknown to plaintiff Mortgage Company. The subordination agreement provided that the vendor's lien should be inferior to plaintiff's deed of trust, and

further provided that in case of a forced sale or judicial sale that any surplus remaining after the balance due plaintiff on his note had been paid, should then go to McConnell. In June 1953 plaintiff discovered that Chaney & Singleton had abandoned the project. In July Chaney & Singleton conferred with plaintiff and executed an amendment to the deed of trust which was described as the usual rider provisions, which had been omitted from the original deed of trust. It further appeared that Chaney & Singleton did not return to finish the project, and that plaintiff had advanced to them by that time the sum of $73,450. Plaintiff then filed suit against Chaney & Singleton. Subsequently plaintiff Mortgage Company discovered that certain construction had commenced on the fourteen houses prior to the execution of its note and deed of trust, and also claims that it learned for the first time of McConnell's vendor's lien. Plaintiff offered to sell its lien in September 1953 to defendant, and also to some of the larger holders of mechanics' and materialmen's liens who had furnished labor or materials; a large number of materialmen' or mechanics' liens being claimed against the project. No one purchased plaintiff's lien. It further appears that at the time suit was filed some nine couples who had qualified for F. H. A. loans had paid a thousand dollars down on each of the nine completed houses, had moved into possession and made improvements; the remaining five houses were incomplete. Plaintiff amended its pleadings, adding the new parties and asking for a receiver. During the fall of 1953 plaintiff began the purchase of the various laborers and materialmen's liens. The stipulation contains the fact that the plaintiff purchased liens in the amount of $59,187.61 at various discounts, paying in all the sum of $33,366.20, and it was stipulated that all said claims were valid and no payment had been made to the holders, and it was further stipulated that each of such claims so listed was secured either by a statutory or constitutional mechanic's and/or materialman's lien upon the lots and improvements there-

on. At the request of plaintiff the trial court appointed a receiver who sold the houses and loose building materials, netting therefrom $98,776.27. The court ordered the sum of $76,000 to be paid to plaintiff by the receiver to apply on plaintiff's note and deed of trust lien. This was done in two payments under court orders. The receiver then paid the balance of $22,776.27 into the registry of the trial court and the receivership was then closed. On hearing this cause upon the agreed stipulation of facts, the trial court rendered judgment decreeing the liens of plaintiff (appellee) to be first and prior liens upon the proceeds of the receiver's sale (the receiver having sold all of the assets of the project) and held the liens of appellants to be second and inferior to the liens of plaintiff. Chaney & Singleton did not appeal, but defendant McConnell and McConnell Land Company perfected their appeal to this court.

■ It is clear at the outset that certain work had started on the project before plaintiff's Deed of Trust was executed. It has been held repeatedly that the liens of materialmen and laborers are superior to any mortgage created after the work has begun, and that all such liens shall be on an equal basis, whether by materialmen or laborers, so long as they are for work done or material supplied for the erection or completion of the building. It has also been established that each lien thereby properly created shall be equal to all other such liens, regardless of inception—that is, the lien for he who completes the last bit of building is equal in time and dignity to the lien of he who has labored on the erection of same, the courts holding that all the liens have their inception at the same time, to-wit, the beginning of the erection or construction of the building or buildings, and that all of said liens are superior to any mortgage executed after the erection of the building is begun. Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S.W. 652, 30 L.R.A. 765; Tomlinson v. Higginbotham, Tex.Civ.App., 229 S.W.2d 920.

■ It is clear that if the erection of the houses on the project here involved had begun before April 15, 1953, then all of the materialmen and laborers' liens were superior to plaintiff's deed of trust, and defendant so acknowledges in his brief. If this be true, then when plaintiff's deed of trust and note were executed it would appear that McConnell's vendor's lien was first in priority, followed by the various liens of laborers and materialmen, and that plaintiff's deed of trust was in third position. But when defendant McConnell executed his subordination agreement he lost his priority, and his lien became inferior to both the second and third liens, as it has been held that he who holds a first lien and subordinates same to a third lien makes his lien inferior or subordinate to both second and third liens. Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220. This case was decided by the Supreme Court of Alabama, and both parties appear to agree that it is a proper pronouncement of the law. Plaintiff's position, therefore, seems to rest pretty squarely on the Oriental Hotel case and the Shaddix case.

■ Defendant claims inter alia that the court erred in his conclusions of law in several respects, and that the court, of course, was in error in ordering the payments made to plaintiff, and in concluding that plaintiff's liens were superior. Among other things the court concluded that defendant subordinated his lien to that of plaintiff with the knowledge that the proceeds of the note executed to plaintiff were to be used for the payment of labor and materials in the construction of the fourteen houses on the properties involved in this suit; that plaintiff advanced to Chaney & Singleton $73,450 and paid the sum of $33,366.20 for valid constitutional and/or statutory laborers' and materialmen's liens, and that the two amounts were less than the full amount of the note and deed of trust executed by Chaney & Singleton to plaintiff, and to which McConnell subordinated his liens. The court further conclud-

ed that such moneys advanced and paid were for the very purpose for which the loan was made by plaintiff; that the subordination agreements were valid and had not been breached, and made the liens of defendant McConnell inferior to the liens of plaintiff; that the amendment to plaintiff's deed of trust in no way prejudiced defendant McConnell and the provisions of same were never enforced; that the "construction" or "erection" of the improvements herein involved had begun prior to the date of plaintiff's note and deed of trust and that therefore the laborers' and materialmen's liens were superior to plaintiff's lien, and were first liens at the time they were purchased by plaintiff; that plaintiff's lien was second and defendant McConnell's third in priority; that plaintiff became subrogated to all rights of the laborers and materialmen lien holders when he purchased their liens, either as the assignee thereunder or treating them as advancements under plaintiff's deed of trust. Appellant in his first and second points assigns error in the trial court's holding that the liens as purchased by plaintiff were superior to appellants' vendor's lien, and that plaintiff's deed of trust lien was superior to appellants' vendor's lien. Defendant maintains that the "erection" or "construction" had not actually begun, saying that there had only been some temporary things accomplished, but the stipulated facts reveal that before plaintiff's deed of trust was executed the architect's plans had been drawn and completed, the lots surveyed and the corners marked, poles set for electric lines, men began to set up saws and batter boards and to string strings denoting the boundaries of the houses; to build concrete forms, other men dug trenches into which concrete was to be poured, plumbers roughed in the plumbing pipe so that they would be above the slab floor when it was poured; steel reinforcing bars were set in the trench, and a layer of gravel for the concrete slab had been spread, but no concrete had been poured. We think the trial court was correct in concluding that the "erection" and "construction" of these houses had be-

gun, under the theory of the Oriental Hotel case. It is true that in the Oriental Hotel case the foundation had been completed, but it seems clear that in the case at bar that certainly what was done was the beginning of "construction" or "erection" and cannot reasonably be construed as entirely temporary in nature. It would seem that the materialmen would be entitled to liens for the delivery of material they had furnished, and the laborers for the labor done, and that such was the inception or initial stage of construction. MacAtee & Sons v. House, 137 Tex. 259, 153 S.W.2d 460; Sanguinett & Saats v. Colorado Salt Co., Tex.Civ. App., 150 S.W. 490.

Appellant also contends that the amending of the deed of trust prejudiced appellants as junior lien holders, and violated the terms of the subordination agreement. It does not appear that this is true, as there is not any evidence that any action was taken or right asserted under such amendment. We think the trial court's conclusion was correct that the money spent in buying up the liens was used for the very purpose contemplated by the deed of trust given to plaintiff, to-wit, the construction and completion of the fourteen houses on the property involved.

Appellant also contends that the Oriental Hotel case does not apply in the present case, because it applies only to statutory mechanics' and materialmen's liens, and that the stipulation only provided that the mechanics' and materialmen's liens were valid constitutional liens. However, it has been held that the Oriental Hotel case applies to both constitutional and statutory liens, and we think this is a correct pronouncement of the law. Brick & Tile, Inc., v. Parker, 143 Tex. 383, 186 S.W.2d 66. From the above cases and the cases cited thereunder it appears that no distinction was made in situations of this sort between constitutional or statutory liens.

Therefore, it appears that the trial judge was correct in his conclusions in holding that when McConnell subordinated his first

lien to the third lien, his lien became inferior also to the second lien, and that plaintiff had not prejudiced McConnell in any way in either amending the deed of trust or in having executed a bond for performance, and that plaintiff in buying up the various liens held by materialmen and laborers was using the money for the very purpose contemplated when Chaney & Singleton executed the note and deed of trust to plaintiff. We also hold that the trial court, as indicated above, was correct in his holding that the actual "erection" and "construction" of the houses on the project had begun before the execution of plaintiff's note and deed of trust. We therefore overrule appellants' first and second points.

■ Both appellant and appellee in their sixth points assert that the trial court was in error in allowing only six per cent on their respective judgments against Chaney & Singleton Brothers. It appears that each point is well taken, as appellant is suing under a vendor's lien note and appellee under his deed of trust note, both of which provide for ten per cent. These points are each accordingly granted, and the judgment of the trial court will be reformed in compliance therewith.

Appellant has presented and briefed a number of other points but they appear to all be related to and disposed of by our disposition of the first two points. All of these points are therefore overruled.

As reformed, the judgment of the trial court is affirmed as reformed.

On Appellants' Motion for Rehearing.

HAMILTON, Chief Justice.

Appellants call our attention in a motion for rehearing to two points in the original brief which we believe will bear reconsideration. One point raised is that the trial court erred in assuming that all the mechanics' and materialmen's liens bought by the Mortgage Investment Company were filed on the properties, and the other is in substance that the money paid by the Mortgage Investment Company for claims secured by statutory and/or constitutional liens was equivalent to and advancement under the deed of trust of the Mortgage Investment Company.

■ In our original opinion we treated the statutory liens and the constitutional liens which were purchased by the Mortgage Investment Company as having equal priority, as did the trial court, the effect of our holding being that since the statutory liens became effective from their inception, which made them prior in time to the filing of the deed of trust lien, also the constitutional liens which were purchased by appellees were also prior in time to the deed of trust lien. In this respect we were wrong. In the absence of evidence showing when the constitutional liens became effective, that is, when the labor was done and when the material was furnished, there is no basis for holding they have equal priority with the statutory liens. A constitutional lien which is established subsequent to the acquisition of rights by third parties would not have the same advantage as a mechanic's and materialman's lien which has been filed within the statutory limits. By virtue of compliance with the statute, a mechanic's and materialman's lien which arises after the recording of the deed of trust lien, as in this case, reverts back to the time the building was begun, but not so with a constitutional lien where the statute has not been complied with. Art. 5459, R.C.S., Art. 5468, R.C.S., Nichols v. Dixon, 99 Tex. 263, 89 S.W. 765; 29 Tex.Jur. 456–458, 512–514.

Appellees cite the case of Tomlinson v. Higginbotham Bros., Tex.Civ.App., 229 S.W.2d 920, as authority for the proposition that the constitutional lien and statutory lien shall be treated as the same, but the situation in that case was different from the one before us. The trial court found that the statutory lien and the constitutional

lien were created at the same time, and that the labor and material involved with both type liens had all been furnished in the construction of the building before the deed of trust lien was filed, and of all of which the holder of the deed of trust lien had notice. In this case there is no evidence that the constitutional liens which were purchased by appellee were for labor done or material furnished prior to the recording of appellee's deed of trust lien.

The case of Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S.W. 652, 30 L.R.A. 765, holds that those holders of liens who comply with the filing statute with reference thereto had a prior lien to the holder of the deed of trust, even though labor was done and material furnished subsequent to the recording of the deed of trust lien. However, such holding was based purely on the fact that said liens were statutory. It is said in Crabb v. William Cameron & Co., 63 S.W.2d 367, loc. cit. 368, by Commission of Appeals:

"The mechanic's lien or materialman's lien did not exist in common law or in equity, but is created purely by the law. Where the provisions of the law are fully met, and the conditions prescribed by the law exist, the lien provided by the statute attaches as a matter of course by virtue of the facts, but, where these conditions do not exist, or where the provisions of the law are not complied with, no lien attaches which has priority over liens which have attached previously."

We have searched diligently and find no case where it has been held that a purely constitutional lien established subsequent to the creation of liens which have attached previously, take priority. Since the stipulation of facts upon which the court below tried this case did not specify which of the claims bought by the Mortgage Investment Company were secured by constitutional liens and which were secured by statutory liens, it was impossible for the trial court to determine which of the liens purchased held priority over the Deed of Trust lien. The Mortgage Investment Company had a right to purchase the statutory liens to protect its lien, which was second to the statutory liens, but the mere purchase of the constitutional liens without reference to when they were established does not make them prior in time to the deed of trust lien, and therefore prior to the vendor's lien held by appellants.

■ This brings us to another point raised by appellants in their motion for rehearing; that the trial court erred in holding in effect that since all the claims purchased by Mortgage Investment Company were for labor and material that went into the buildings, the money paid therefor was equivalent to being advanced to Chaney & Singleton under the deed of trust, and therefore was ahead of and prior to the vendor's lien held by appellants. In approving that holding of the trial court we were in error. The appellants subordinated their vendor's lien to the deed of trust of Mortgage Investment Company when it was given, to secure payment of advances made to Chaney & Singleton, the owners of the property in question. Under the stipulation $73,450 was advanced to Chaney & Singleton by appellee, and it was stipulated that that was the amount that they owed under the deed of trust. The fact that Chaney & Singleton owed these various holders of statutory liens and constitutional liens and that appellee bought them up some several months after suit was filed in this case is not equivalent to having advanced Chaney & Singleton moneys under the deed of trust. The subordination agreement must be strictly construed, and cannot be enlarged to cover any additional amounts than were actually advanced to Chaney & Singleton under the deed of trust.

In view of the fact that the court could not write a proper judgment under the facts before him, and that the case has not been fully developed, on the basis of the two points herein discussed, we reverse and remand the case for a new trial.

FRASER, Justice (concurring).

The writer has reached the conclusion that he must agree with the opinion of Chief Justice HAMILTON in this matter. It has been very difficult to reach a conclusion decisive in nature, due to dearth of authority bearing directly on the points involved. I still do not feel that any harm or injury whatsoever resulted to anyone except themselves from the failure of any of those entitled so to do to follow the statutory requirements applicable to the filing of their liens, if any there be. Certainly their constitutional liens were good against Chaney & Singleton, but I can find no authority clearly stating that the inception date of constitutional liens shall be the same as the inception date of statutory liens, and so must agree, in the absence of such authority, with the holding that constitutional liens in the situation as it existed here were probably inferior to the previously filed deed of trust held by the Mortgage Investment Company. They could have been of equal dignity with the statutory liens had they taken the proper steps, but this they did not do, and in the absence of express authority it seems that they must take an inferior position to a previously recorded lien.

With reference to our holding that the purchase of liens as described in the stipulations was actually an advancement of money as contemplated by the deed of trust executed by Chaney & Singleton in favor of Mortgage Investment Company, such might have been true were it not for the express provision found in the subordination agreement. This clause provides that any surplus remaining after the *balance due* under the deed of trust had been paid should be paid to McConnell. The legal effect of this provision seems inescapable, as it concerns the balance due under a deed of trust which provided for the borrowing of money by Chaney & Singleton. The advances to them were stipulated. Therefore, I do not now believe that the money ex-pended by the Mortgage Investment Company to purchase the various liens became a part of the *balance due* under the deed of trust and the subordination agreement.

### Order of the Court on Appellee's Motion for Rehearing.

**PER CURIAM.**

Whereas, heretofore, on May 16, 1956, the court overruled motion for rehearing of appellee Mortgage Investment Company of El Paso, Texas; and

Whereas, it appears that said motion should have been granted, the court therefore on its own motion does hereby set aside said order overruling appellee's motion for rehearing, and does herein grant said motion, for the reason that in our previous order entered on March 28, 1956, we reversed and remanded the whole case for new trial, and we have concluded that the judgment of J. C. McConnell, and J. C. McConnell Land Company, appellants; against Chaney & Singleton, should be reformed as to the interest rate granted by the trial court, and that said judgment should bear interest at the rate of 10% rather than the 6% as set by the trial court, and said judgment as reformed, as well as the judgment of the Mortgage Investment Company against Chaney & Singleton should be affirmed, and our order heretofore entered on March 28, 1956, should be set aside; and that part of the judgment fixing the priority of liens of the Mortgage Investment Company and J. C. McConnell, et al., should be reversed and remanded for further proceedings in accordance with our opinion of March 28, 1956, on motion for rehearing.

It is accordingly so ordered.

Any party affected by this order, of course, shall have his usual right and time for filing his motion for rehearing with reference to this order, as provided by law.