No. 2543.

J. O. RIGBY v. THE STATE.

OFFICIAL PECULATION—INDICTMENT—INTERPRETATION OF THE CODES. In the construction of a statute, the legislative intent, if that intent can be ascertained, must govern even over the literal import of words, and without regard to grammatical rules. Thus construed, article 250 of the Penal Code inhibits any officer of a county, city or town from entering into, on account of himself, any kind of financial transaction with such corporation. The indictment in this case charged the accused with the violation of said article, in that he sold a mule to the county of which he was a county commissioner. *Held*, that such sale constituted a violation of said article, and the indictment was sufficient.

APPEAL from the District Court of Goliad. Tried below before the Hon. H. C. Pleasants.

The opinion states the nature of the case. The penalty imposed by the jury was a fine of fifty dollars.

The proof showed that the commissioners court of Goliad county, after examining the statutes, and among them article 250 of the Penal Code, as to its power to appoint an agent to purchase mules for the use of the county, directed the defendant, one of its members, as its agent to purchase the two mules for the said county. Defendant purchased one mule from R. L. Turner, and reported to the commissioners court that he owned a mule which he was willing to sell the county for the sum of one hundred dollars. The proposition was accepted by the commissioners court, and the sale of the mule was ratified, and the same paid for by the county treasurer upon the order of the said court. It was proved and not disputed by the State that the actual value of the mule sold by defendant to the county was the sum paid for it,—one hundred dollars.

No brief on file for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Article 250 of the Penal Code is as follows: "If any officer of any county in this State, or of any city or town therein, shall become in any manner pecuniarily interterested in any contract made by such county, city or town, through its agents or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work, or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emoluments or advantage whatsoever, in consideration of such bid, proposal, contract, purchase or sale, he shall be fined in a sum not less than fifty nor more than five hundred dollars."

This appeal is prosecuted from a conviction had under said article, the indictment charging in substance that the defendant, while a county commissioner of Goliad county, sold to the said county two mules, and received therefor, from said county, two hundred dollars. The defendant excepted to the indictment upon the ground that it did not charge any offense against the law; which exception the court overruled. It is contended by the defendant that the article of the Penal Code above quoted does not inhibit a county officer from selling property to the county unless such property was *made for or on account of such county;* that the word "made" in said article refers to the word "anything," and not to the words "purchase or sale." We do not agree to such construction of the article. We admit that the language of that portion of said article, when considered without reference to the context, or without inquiry as to the legislative intent would warrant the interpretation contended for by the defendant.

But, when viewed in connection with the context, and with reference to the purpose which the Legislature intended to effect by the enactment of the statute, such an interpretation would, in our judgment, be too restricted, if not strained and unreasonable. Manifestly, the Legislature, in enacting the statute, intended thereby to protect counties, cities and towns from official peculation. Such peculation was the evil sought to be suppressed, and the statute strikes at the very root of the evil, by making it an offense for any officer of a county, city or town to become interested pecuniarily in matters wherein

such corporations are pecuniarily interested. The purpose of the statute is to prevent official "rings" from being formed and operated to prey upon the treasuries of counties, cities and towns; to prevent the officers of such corporations from using their official knowledge and influence to their individual pecuniary advantage in the financial transactions of such corporations. The objects of the statute would be but partially attained if such officers are to be permitted to deal with their corporations in the sale and purchase of property. We can perceive no reason why a county officer should be permitted to sell a mule to his county, and yet be denied the privilege of making a wagon or other article of property for the county for a consideration.

In the construction of a statute, the legislative intent, if that intent can be ascertained, must govern even over the literal import of words, and without regard to grammatical rules. (Willson's Cr. Stats., secs. 17-26.) Our construction of the statute is that it inhibits any officer of a county, city or town from selling to or purchasing from such corporation any property whatever. This construction does not, we think, do violence to the language of the statute, and is the only construction which will accord with what we believe to be the intent and purpose of the statute.

We therefore hold that the indictment charges an offense against the penal law of this State, and that the exception was properly overruled. We have found no error in the conviction and the judgment is affirmed.

*Affirmed.*

Opinion delivered January 19, 1889.