

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-4672
Re: County commissioner is prohibit-
ed from being pecuniarily inter-
ested in contract with county.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"I wish for an Opinion on the following
question:

"'Polk County has purchased Gasoline, Oil,
and Greases from the Arkansas Oil and Fuel Com-
pany of Shreveport, La. with a Bulk Station at
Corrigan, Texas and has purchased same for a
number of years. One of the County Commissioners
has bought a half interest in the Bulk Station
or Agency at Corrigan, Texas which is in Polk
County. The agency will be managed by the other
owner of the half interest in said Bulk Station
or Agency, and they together will receive a
commission on all sales through the Agency at
Corrigan, Texas although all bills will be paid
to the home office at Shreveport, La. Now the
question is:

"'Can Polk County buy Gasoline, Oil and
Grease from the Arkansas Fuel & Oil Company, of
Shreveport, La. through its agency at Corrigan,
Texas and one of the Commissioners a half in-
terest in the agency.'"

Article 373, Vernon's Annotated Texas Penal Code,
reads as follows:

"If any officer of any county, or of any
city or town shall become in any manner pecu-
niarily interested in any contracts made by
such county, city or town, through its agents,
or otherwise, for the construction or repair
of any bridge, road, street, alley or house,
or any other work undertaken by such county,
city or town, or shall become interested in
any bid or proposal for such work or in the
purchase or sale of anything made for or on
account of such county, city or town, or who
shall contract for or receive any money or
property, or the representative of either, or
any emolument or advantage whatsoever in con-
sideration of such bid, proposal, contract,
purchase or sale, he shall be fined not less
than fifty nor more than five hundred dollars."

In the case of Rigby v. State, 10 S. W. 760, a
county commissioner sold two mules to his county and was
convicted under the above quoted article of the Penal Code.
We quote from the court's decision as follows:

"Manifestly, the Legislature, in enact-
ing the statute, intended thereby to protect
counties, cities and towns from official
peculation. Such peculation was the evil
sought to be suppressed; and the statute
strikes at the very root of the evil, by mak-
ing it an offense for any officer of a coun-
ty, city or town to become interested pecu-
niarily in matters wherein such corporations
are interested. The purpose of such statute
is to prevent official "rings" from being
formed and operated to prey upon the trea-
suries of counties, cities and towns; to pre-
vent the officers of such corporations from
using their official knowledge and influence
to their individual pecuniary advantage in
the financial transactions of such. . . .
Our construction of the statute is that it
inhibits every officer of a county, city or
town from selling to or purchasing from such
corporation any property whatever."

It is our opinion that the contract and sale men-
tioned in your letter is in violation of Article 373, Penal

Code of Texas, and we answer your question in the negative.

Furthermore, we call your attention to Article 2340, Vernon's Annotated Texas Civil Statutes, which provides:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:GO

APPROVED JUL 1, 1942

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN