THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL


November 2, 1970

Honorable John F. Pettit          Opinion No. M-714
County Attorney
Val Verde County                  Re:  Whether acceptance by a city
Del Rio, Texas  78840                  councilman of the position of
                                       executive director of a com-
                                       munity action agency violates
                                       ˉArticle 373, Vernon's Penal
                                       Code, or Article 988, Vernon's
Dear Mr. Pettit:                       Civil Statutes.

        You request our opinion as to the legal consequences
which result from the acceptance by a Del Rio city council-
man of the position of executive director of the Val Verde
County Community Action Agency, a local anto-poverty agency
established under the Economic Opportunity Act of 1964, 42
U.S.C.A., Section 2781, et seq.

        The facts indicated in your request and the by-laws of
the community action agency are as follows:

        Val Verde County is a sponsoring agency for the Val Verde
County Community Action Agency, which was organized by the
City, County, and School District as a non-profit corporation
under the Texas Non-Profit Corporation Act, Article 1396,
Vernon's Civil Statutes, for the purpose of enabling the part-
ies carry out the purposes of the Economic Opportunity Act to
eliminate the causes of poverty.  This agency is governed by
a board of directors, consisting of twenty-seven persons, in-
cluding nine elected officials or their representatives from
various political subdivisions of Val Verde County.  The City
of Del Rio has four places on the board, each place being held
either by a councilman or a representative of a councilman.
The By-Laws provide that four directors "shall be representatives
of the City of Del Rio," and "shall be designated as such by"
the city.  The board of directors makes all policy decisions
for the community action agency.  According to the information
provided in the opinion request, the Del Rio City Council makes

decisions affecting the community action agency; and the community action agency makes decisions affecting the city council.

The City of Del Rio is a home rule city, and city councilmen are paid for their services.  The city is a delegate agency or subcontractor of the community action agency in that the agency has by contract delegated to the city a commodities program.

Recently the board of directors has hired one of the city councilmen to serve as executive director of the community action agency.  The executive director is hired under a contract of employment by the Community Action Agency (whose Board of Directors is composed of the City, County, Schools Districts, and other representatives of the public) for a term of one year and is paid a salary and acts as the manager for the agency.

In view of the commodities program contract, you have asked whether a violation of Article 373, Vernon's Penal Code, has occurred when a city councilman has accepted a salaried position with the community action agency.  A second question concerns whether Article 988, Vernon's Civil Statutes, is violated, and if so, the effect that acceptance has on the office he holds with the city.

Article 373, reads as follows:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city, or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city, or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less

than fifty nor more than five hundred dollars."
(Emphasis added).

The exact nature of the commodities program contract is not described in the opinion request, but there is no showing that the city councilman has received any pecuniary benefit from the contract between the city and the community action agency. However, the salary of the executive director appears to be paid by the community action agency from funds furnished through the Office of Economic Opportunity and to some extent from matching local funds of the City and other political sub-divisions and not from the commodities program contract. (See 42 U.S.C.A., Sections 2812 and 2836). Article 373 prohibits city officials from having pecuniary interest in matters in which the city is pecuniarily interested. Rigby v. State, 10 S.W. 760 (Tex.Civ.App., 1889). This office has held that a county commissioner did not violate the penal provision by selling lumber to various lumber yards which in turn sold at least some of the material to the county, where no showing was made that the commissioner had any interest in the lumber when it was sold to the county or any special agreement with the lumber yards. Attorney General's Opinion No. O-6044 (1944). In view of the facts you have submitted, we are of the opinion that the salary paid to the executive director is not strictly within the terms of Article 373, and a criminal violation of that statute is not indicated. This penal statue must receive a strict construction and cannot be extended beyond the plain import of its terms. 52 Tex.Jur.2d 304, Statutes, Sec. 198. The phrase, "or any other work undertaken by such . . . city." refers to other similar types of construction work of the same nature previously described in the preceding phrases. See 54 Tex.Jur.2d 221-222, Statutes, Secs. 154 and 155. Furthermore, there are no facts before us to show that the executive direc-tor received any money or thing of value as a consideration of any contract entered into.

The next question concerns a civil statute, Article 988, which places certain limitations on city councilmen. The statute reads in pertinent part:

"No member of the city council shall hold any other employment or office under the city government . . . unless herein otherwise pro-vided. No member of the city council, or any

> other officer of the corporation, shall be
> directly or indirectly interested in any work,
> business or contract, the expense, price or
> consideration of which is paid from the city
> treasury, or by an assessment levied by an
> ordinance or resolution of the city council
> . . . ."

The rule of liberal construction will be applied to remedial statutes, such as the above enactment, in order to effectuate its purpose. 53 Tex.Jur.2d 303, Statutes, Sec. 197. Likewise, such a conflict of interest statute "rests upon sound public policy" and "should be scrupulously enforced." Delta Electrical Const. Co. v. City of San Antonio, 437 S.W.2d 602, 609 (Tex. Civ.App., 1969, error ref., n.r.e.). As observed by the Court, this statute broadly covers "any work, business or contract" which city councilmen must not be either "directly or indirectly interested in." The Court proceeded to hold the contract before it null and void, saying:

> "In McQuillin, Municipal Corporations, Vol.
> 10, Sec. 29.97, p. 467, et seq., it is stated:
> 'It is well settled that municipal officers
> cannot be interested in contracts of any charac-
> ter with the municipality. . . In many states
> and cities this has been adopted by statutory
> or charter provisions, which are, however,
> mostly declaratory of the rule at common law
> . . . Although under some statutes and char-
> ters, such an agreement is voidable only, it
> is generally held that whenever a public officer
> enters into a contract, the execution of which
> may make it possible for his personal interests
> to become antagonistic to his faithful discharge
> of a public duty, such contract will be held
> void as against public policy. It is the
> existence of such interest which is decisive
> and not the actual effect or influence, if
> any of the interest: if there is a potential
> conflict, the contract is invalid.'"

Applying the above rule to the employment by the Community Action Agency of any officer of the City, County, or School

District, we hold that the executive director, who is also an officer of the City, may not accept the employment as executive director since he is interest in the contract of employment, the expense of which, at least in part, is payable from the city treasury.

It appears that the city councilmen on the board of directors would be present to represent the interest of the city, but the executive director must carry out the instructions of the board of directors as a whole. Since the city council members can be outvoted on the board, the executive director may find himself having to carry out decisions in conflict with the city interests. The executive director also may be paid partly by city funds. Eighty percent of the funds for operation of the community action agency comes from the Office of Economic Opportunity, but the remainder comes from local matching funds. 42 U.S.C.A., Section 2812. Staff salaries are paid out of these funds. 42 U.S.C.A., Section 2836. Presumably the city is furnishing, or may be obligated to furnish, some portion of the local funds for the agency. Thus the executive director is receiving or can potentially receive city funds, even if indirectly. A violation of the statute and public policy thus results, as stated in City of Edinburg v. Ellis, 59 S.W.2d 99, 100 (Comm.App., 1933, opinion approved), wherein the Court observed:

> "It is the general rule that municipal contracts in which officers or employees of the city have a personal pecuniary interest are void . . . This rule is held to apply to members of the city council . . .
> "The foregoing rule rests upon sound public policy. Its object is to insure to the city strict fidelity upon the part of those who represent it and manage its affairs. The rule . . . should be scrupulously enforced. . . ."

The very purpose of the rule is to avoid conflicting interests, duties, pecuniary interests, and public policy. A similar rule exists to prohibit public officers or employees from serving in positions involving conflicting interests. See Articles 6252-9 and 6252-9a, Vernon's Civil Statutes.

Honorable John F. Pettit, Page 6, (M-714 )

The question of whether the position of executive director rises to the dignity of an office, which we doubt, so as to become a violation of the dual-office prohibitions in Article XVI, Sections 12 and 40, Constitution of Texas, becomes immaterial in view of the holding in City of Edinburg v. Ellis, supra.

With reference to the question of whether the City Councilman's office has become vacated by reason of his acceptance of employment as executive director of the Community Action Agency, it is our opinion that since the contract of employment cannot be validly entered into so long as the executive director remains a council member, he has an election to choose which position he desires to accept. If he resigns from the Council, he may then negotiate a contract of employment as executive director. If he does not resign, he may not continue in both positions and may be ousted therefrom by appropriate legal action.

SUMMARY

A City Councilman is "interested in" his contract of employment by the Community Action Agency of the City, County, and School District, a part of the expense of which is payable from the city treasury, and may not accept such employment so long as he remains a city council member. Article 988, Vernon's Civil Statutes. Such action is not in violation of Article 373, Vernon's Penal Code, which is inapplicable.

The City Councilman must elect which position he desires to hold and may be ousted from the positions by appropriate legal action if he attempts to continue to hold both positions at the same time.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-3458-

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Houghton Brownlee
Ralph Rash
Harold Kennedy
J. C. Davis

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant