

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 5, 1972

Hon. W. T. (Tom) McDonald, Jr.    Opinion No. M- 1140
County Attorney
Brazos County Courthouse      Re: Construction of Article
Bryan, Texas 77801            2340, V.C.S., and Article
                          373, V.P.C., concerning
                          legality of purchases of
                          employees of a county
                          commissioner from the
Dear Mr. McDonald:           latter's store.

        We have received your recent request for an opinion
concerning the legality of purchases for the county by county
employees from a store owned by a county commissioner and paid
for out of county funds.

        Article 2340, Vernon's Civil Statutes, provides:

        "Before entering upon the duties of their of-
fice, the county judge and <u>each commissioner shall
take the official oath, and shall also take a written
oath that he will not be directly or indirectly in-
terested in any contract with, or claim against, the
county</u> in which he resides, <u>except such warrants as
may issue to him as fees of office. Each commissioner
shall execute a bond</u> to be approved by the county
judge in the sum of three thousand dollars, payable
to the county treasurer, conditioned for the faith-
ful performance of the duties of his office, <u>that he
will pay over to his county all moneys illegally
paid to him out of county funds</u>, as voluntary pay-
ments or otherwise, and that he will not vote or
give his consent to pay out county funds except for
lawful purposes." (Emphasis added.)

        Article 373, Vernon's Penal Code, provides:

        "<u>If any officer of any county</u>, or of any city
or town <u>shall become in any manner pecuniarily
interested</u> in any contracts made by such county,
city or town, through its agents, or otherwise, for

-5549-

the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars." (Emphasis added.)

The foregoing statutes are based upon "sound public policy" and are designed to eliminate any conflicts of interest between the county and those who manage its fiscal affairs. City of Edinburg v. Ellis, 59 S.W.2d 99, 100 (Tex.Comm.App. 1933); Attorney General's Opinions M-751 (1970) and O-1589 (1939).

The authorities are practically unanimous to the effect that the officer, to be liable, must have an interest (directly or indirectly) in the claim against the county. A remote interest will not bring an officer within the statute. Attorney General's Opinions 344 (1939) and 6044 (1944).

In Rigby v. State, 10 S.W. 760 (Tex.Civ.App. 1889), the court's construction of Article 373 stated that the statute "inhibits every officer of a county, city or town from selling to or purchasing from such corporation [county] any property whatever." (Brackets added.) In accord, Bexar County v. Wentworth, 378 S.W.2d 126 (Tex.Civ.App. 1964, error ref. n.r.e.).

It is our opinion that the purchases made for the county by county employees from a store owned by a county commissioner and paid for out of county funds result in a direct personal pecuniary interest of that commissioner in the purchases and violates his oath under Article 2340, Vernon's Civil Statutes, and also violates Article 373, Vernon's Penal Code.

## S U M M A R Y

It is a violation of Article 2340, V.C.S., and of Article 373, V.P.C., for county employees to make purchases, paid for with county funds,

from a store owned by a county commissioner.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Ben Harrison
Bill Craig
Wardlow Lane
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant